# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

## COMPLAINT FORM

Tiffany L. Halo

79 Henning Terrace, Denville, NJ  07834
Full name(s) of Plaintiff(s)
(Do not use *et al.*)

Case No. 3:10-cv-1949 (VLB)

Case No. 3:10-cv-1949 VLB
(To be supplied by the Court)

v.   Yale Health Plan

Director of Benefits & Records

Yale University

155 Whitney Avenue

New Haven, CT  06520

Full names of Defendant(s)
(Do not use *et al.*)

### A. PARTIES

1.   Tiffany L. Halo                is a citizen of    New Jersey             who
        (Plaintiff)                                          (State)
presently resides at    79 Henning Terrace, Denville, NJ  07834          .
                (mailing address)

2.   Defendant  Yale Health Plan – Director of Health & Records
        Yale University              is a citizen of           New Haven
        (name of first defendant)                              (State)
whose address is  155 Whitney Avenue, New Haven, CT  06520          .

3.  Defendant _____ is a citizen of _____
              (name of second defendant)                        (State)

whose address is _____.

(If more space is needed to furnish the above information for additional defendants, continue on a blank sheet which you should label "A. PARTIES."  Be sure to include each defendant's identity and complete address.)

## B. JURISDICTION

The jurisdiction of this court is invoked pursuant to: (list statute(s))

_____

_____ New Haven, CT _____

## C. NATURE OF THE CASE

**BRIEFLY** state the background of your case.

Plaintiff is a subscribing member of Yale Health Plan.  Plaintiff had left eye retinal detachment with complications.

- First surgery on June 1, 2008 – failed – (in network)
- Second surgery on June 13, 2008 – failed – (in network)
- Third surgery on August 13, 2010 – failed – (out of network)
- Fourth surgery on September 17, 2010 – secured retina

Yale Health Plan management failed to provide timely responses to coverage prompting this matter.

2

*Tiffany Halo v Yale Health Plan*

**Cause of Action**

Title I of the Employee Retirement Income Security Act of 1974 (ERISA), Section 503 and Federal Rules and Regulations for Administration and Enforcement; Claims Procedure 20 C.F.R Part 2560 Sec. 2560.503-1 "require all employee health benefit plans to ensure that decisions regarding urgent care are resolved within not more than 72 hours and resolved within 15 days for non-urgent care and to provide adequate notice in writing to every participant." Yale Health Plan, an employee health benefit plan, sponsored by Yale University did not make decisions regarding participant, Tiffany Halo's urgent care within 72 hours nor resolve non-urgent care within 15 days not provide adequate notice in writing within the decision making time frames as is required by ERISA and 20 C.F.R Part 2560 Sec. 2560.503.1. Therefore, Yale Health Plan unlawfully denied Tiffany Halo's health benefits in the amount of $50,000 and violated the patient's rights according to US federal laws and regulations.

**Facts of case leading to YHP's first wrongful action**

The plaintiff, Tiffany Halo, was accepted into the PhD Chemistry program at Yale University in 2005 in which she was offered a stipend of $15,000 per year and enrollment into Yale employee health benefits plan. Yale University, PO Box 208256, 155 Whitney Avenue, New Heaven, CT 06520-8256 is the sponsor of the plan, entitled, Yale Health Plan, plan number 502, and the administrator of the same is the Director of Benefits and Records, Yale University, PO Box 208256, 155 Whitney Avenue, New Haven, CT 06520-82456.

On May 30, 2008, the Plaintiff, Tiffany Halo, noticed a dark, flashing spot shaped like a football in the upper periphery of her left eye. As is required by Yale Health Services, Tiffany immediately went to the Yale University Health Services Emergency Room. UHS Care referred her to Dr. Huffman at Yale New Haven Hospital, a retinal resident who concluded that there was a hole in her retina. Tiffany was instructed to return to Yale New Haven Hospital the next morning in order for Dr. Kempton, a retinal fellow, to determine proper treatment along with Dr. Ligette, a retinal surgeon.

From June1, 2008 until June 17, 2008, the plaintiff, was under the care of Dr. Huffman, retinal resident at Yale Hospital, Dr. Kempton, a retinal fellow at Yale Hospital, Dr. Liggett, retinal surgeon of New England Retinal Associates, Dr. Huang, a post-op retinal specialist, and Dr. Haffner, a partner with Dr. Liggette for New England Retinal Associates. Treatment during that time period consisted of two major surgeries. The first surgery (6/1/08) performed by Yale fellow, Dr. Kempton and supervised by Dr. Ligette was to install a sclera buckle and cryotherapy to repair the hole in the retina, which failed to facilitate reattachment of the retina. The second surgery (6/13/08) performed by Dr. Liggette, was a vitrectomy and laser therapy, which also failed to facilitate the reattachment of the retina.

On June 16, the Plaintiff woke with a terrible pain in her head that persisted even after waiting 9 hours to visit with Dr. Haffner, the covering physician, who partially aspirated the gas in her eye and prescribed anti-nausea medication. As a consequence, the plaintiff's, mother, Candace Halo who was with her daughter insisted on taking the Plaintiff to see another retinal specialist at Cornell-Weill, Dr. D'Amico. The plaintiff's, mother, called Yale Health Services (on the same day 6/16/08) about her daughter's

"emergency situation" and was referred to Dr. Susan Forster, the Chief of Ophthalmology handling plaintiff's case. On 6/17/08, Dr. Susan Forster consulted with plaintiff over the telephone and approves the referral for a second opinion **(Exhibit A)** and informs Tiffany that she must consult with Ms. Vicki Eisler in the YUHS Claims Department for any further, "emergency coverage." Plaintiff's parents contacted via telephone Ms. Vicki Eisler, in charge of Yale Health Benefit Claims Coordination and informed her of the situation as per Dr. Susan Forster.

On 6/17/08 Dr. D'Amico, Chief of Ophthalmology at Cornell Weill in NYC examines and finds that that the plaintiff is allergic to the Vycril sutures, the pressure in the eye was 27 (high), and possibility of infection. He treats all three and plaintiff feels almost immediate relief. The plaintiff, her parents, and the payment administrator of Cornell Ophthalmology left numerous voicemail messages for Ms. Vicki Eisler and Dr. Susan Forster in an effort to coordinate and manage plaintiff's health care beyond the referral.

**From June 17, 2008 until August 6, 2008 a total of 51 days** neither Ms. Vicki Eisler nor Dr. Susan Forster of YUHS or any other representative make contact with the Plaintiff to ensure that decisions regarding her urgent care (a retinal detachment) were resolved within 72 hours or within 15 days for non-urgent care which is legally required by Yale Health Plan under ERISA and CFR Sec. 2560.503-1. Thus, this is the first breach of contract which Yale Health Benefit Plan is liable because the procedural requirements for processing claims as administered in the plaintiff's case, has been violated.

## Facts of Case leading to the YHP's second wrongful action

The second violation of procedure and breach of contract begins with plaintiff follow-up visit with Dr. D'Amico on August 5, 2008 in which she was informed that her eye was still housing perfloropropane gas, a large cataract formed, the retina was detached and that immediate surgery was required. The next day, August 6, 2008 plaintiff receives via mail denial of benefits for Dr. D'Amico's services provided on June 17, 2008 (which were approved in the original referral) and follow-up visit on June 18, 2008. *This is the first rejection, (E.O.B) Explanation of Benefits **(Exhibit B)** and contact from Yale Health Plan and any of its administrators regarding Dr. D'Amico's services for June 17, 2008, which is 51 days prior.* As the Yale Health Plan Member Guide outlines, the plaintiff immediately sends a written appeal to the Manager of Claims, Ms Connie Rollinson, on August 7, 2008 **(Exhibit C)**. In the appeal, the plaintiff responds to the decision for non-payment of benefits for Dr. Damico's services of June 17, 2008; informs YHS that her retina has detached, and that she has been scheduled for emergency surgery with Dr. D'Amico on August 13, 2008; and requests approval for the same. Ms. Connie Rollins responds to plaintiff's appeal in a letter dated August 15, 2008 (Claim number 324468), which is received via mail on August 19, 2008 **(Exhibit D).**

Ms. Rollinson's, Claims Manager, for YHP response to plaintiff's appeal is denial of coverage for the services for Dr. D'Amico performed June 17, 2008 and any further services obtained out of network. Mrs. Rollin's denial was received by plaintiff via mail not only 12 days later but also 6 days after plaintiff's emergency surgery on August 13, 2008 with Dr. D'Amico to reattach her retina had been performed. In addition, Ms. Rollinson indicates in this letter that plaintiff was informed of the availability of "in-network specialists to provide for plaintiffs care other than Dr. Ligette". This is simply not true, as plaintiff and plaintiff's mother made repeated attempts to coordinate her medical benefits and medical care with various administrators of YHP since June 16, 2008. **Furthermore, this is *the first and only formal contact* via a written letter by a representative of YHP to the plaintiff within a 63 day time period.** As a consequence, Yale Health Benefit Plan and its administrators did not meet the shorter time frames of 72

hours for urgent care regarding the decision-making of retinal detachment nor the 15-day requirement for non-urgent care. Thus, YHP is liable for a breach of contract for a second time for failing to follow the legally required procedures regarding decision-making for medical care and as is required by ERISA and CFR Sec. 2560.503   breach of contract on the part of YHP

## Facts of Case leading to the YHP's third wrongful action

The plaintiff, even under duress, made a good faith effort to contact the President of Yale University explaining the situation to ask for some assistance **(Exhibit E) (Exhibit F President Levine's reply).** The plaintiff, also, responded via letter dated September 7, 2008 back to Ms. Connie Rollins' denial letter, pointing to and documenting several inaccuracies regarding both the care and coordination of care **(Exhibit G).** The plaintiff also sent second appeal letter on September 8, 2008 to the YHP Claims Committee, which meets only once a month to review appeals **(Exhibit H).** On September 10, 2008, plaintiff was informed that her retina had detached again and immediate surgery was required. On September 17, 2008 Dr. D'Amico performed a laser retinal repair on the plaintiff.  On September 18, 2008, The YHP Claims Committee met on 9/9/08 and approved reimbursement for services rendered for Dr. Donald D'Amico provided to plaintiff on June 17, 2008 (three months ago) but denies payment for her surgery with Dr. D'Amico of August 13, 2008 **(Exhibit I).**

The Claims Review Committee gave no reasons for the approval or denial of the same. On September 29, 2008 plaintiff's father makes an appeal to Moshe Siev, Claims Committee co-chair to formally ask the committee to re-visit their decision regarding payment for plaintiff's surgery **(Exhibit J).** On November 6, 2008, Moshe Sieve, Claims Committee co chair responds that the Review Committee denied plaintiff's claim, and again, without giving any reasons for the denial **(Exhibit K).**  As a consequence, Yale Health Plan, not only failed to meet the shorter time frames of 72 hours for urgent care regarding the decision-making of retinal detachment nor the 15-day requirement for non-urgent care, but also violated the procedural standards which requires *"every employee benefit plan, to provide adequate notice in writing to every participant or beneficiary whose claim for benefits under the plan has been denied, setting for the specific reasons for such denial, written in a manner calculated to be understood by the participant."*

## Conclusion

The second E.O.B **(Exhibit L)** processed by Yale Health Plan on 11/0708 denied plaintiff coverage of medical benefits for partial services provided by Cornell Weill Ophthalmology from 6/20/08 through 9/17/08.

In October 2008, plaintiff's mother, who is a part time lecturer at Rutgers University was able to enroll plaintiff in the NJ State Health Benefits Plan during the open enrollment period as an eligible dependent. Participation in the NJ State Health Plan requires that all part-time lecturers to be appointed to teach courses consecutively in the Fall and Spring semesters and that the part time employees pay the full premium price of $1,500 per month. Under the NJ State Health plan, coverage began for the plaintiff on January 1, 2009.

## E. OTHER LAWSUITS

1.  Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action?

_____Yes __x__No.  If your answer is "Yes," describe each lawsuit.  (If there is more than one lawsuit, describe the additional lawsuits using this same format on a blank sheet which you should label "E.  PREVIOUS LAWSUITS.")

   a.  Parties to previous lawsuit:

Plaintiff(s):_____

_____

Defendant(s):_____

_____

   b.  Name and location of court and docket number 9_____

   c.  Disposition of lawsuit.  (For example, was the case dismissed?  Was it appealed? Is it still pending?) _____

   _____

   d.  Issues raised: _____

   _____

4

_____

e.  Approximate date of filing lawsuit:_____

f.  Approximate date of disposition: _____

2.  If you have filed other lawsuits in this court in the last ten (10) years that are not related to the acts complained of in Part D, please list them.  (If you need additional space, use a blank sheet which you should label "E.  PREVIOUS LAWSUITS.")

_____

_____

_____

_____

_____

_____

## F. REQUEST FOR RELIEF
WHEREFORE, plaintiff demands: (state the relief you seek)

```
Plaintiff seeks medical bills reimbursement in the amount of $47,513 -
refer to Schedule of Medical Bills - Exhibit M
```

## G. JURY DEMAND

Do you wish to have a jury trial?  Yes _____   No ___x___

5

_____   _____
Original signature of attorney (if any)   Plaintiff's Original Signature

_____   *Tiffany Halo*
Printed Name_____   Printed Name

_____

_____

( )                                 ( ) *79 Hennings terr. Denville N J*
Attorney's full address and telephone   Plaintiff's full address and telephone  *07834*

_____   *hal hab @ Juno . com*
Email address if available          Email address if available


## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained in the complaint is true and correct.  28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed at  <u>Denville, NJ   07834</u>      on  <u>11/23/10</u>      .
             (location)                          (date)

_____
Plaintiff's Original Signature


(Rev.9/22/09)


6

EXHIBIT
A

*Faxed 6/17/08 Referral*

06/17/2008

YALE HEALTH PLAN
Attn: Forster MD, Susan
17 Hillhouse Ave
PO Box 208237
New Haven, CT 06520-8237

Tiffany L Halo                          YHP Member Number: 00158293
216 Bishop Street No. 304               Member's Name:     Tiffany L Halo
                                        Member's DOB
New Haven, CT

Dear Ms. Tiffany L Halo;

This letter indicates that the following referral has been assigned a
status of Approved.

The details regarding this referral are as follows:

---

Referral Information
Referral Number:      312548
Member's Name:        Tiffany L Halo
Description:          rd surgery x2 2nd opi
Authorized Visits:    1
Clinical Information:
Rd's surgery x2 inc pain

Provider Name:        MISCELLANEOUS OUT-OF-AREA
Provider Address:

Provider Phone:
Appointment Time:     06/16/2007 → *MISTAKE?*
                      Contact 203-432-0084 for an appointment, if necessary
                      Contact  for appointment changes

This referral is valid from 06/16/2008 through 06/30/2008.

---

Payment by Yale Health Plan (YHP) is subject to the eligibility at the
time of the service and benefit coverage and benefit limits as stated
in the YHP Member/Student Handbook. Any additional services must be
coordinated with your Primary Care Clinician (PCC). If you have
questions regarding this referral, please contact the YUHS Care-
Coordination Department at (203) 432-7397.
Please mail claims to: Yale Health Plan, 55 Whitney Ave
                       PO Box 208217, New Haven, CT 06520-8217

Received
8|6|2008



EXHIBIT
B
_____

YALE UNIVERSITY
55 WHITNEY AVENUE
P.O. BOX 208217
NEW HAVEN, CT  06520-8217
EXPLANATION OF BENEFITS

TIFFANY L HALO                           CLAIM # 3234466
216 BISHOP STREET NO. 304                PROCESSED 07/30/2008
NEW HAVEN, CT  06510

NAME                    MRN #                 ACCOUNT #
TIFFANY L HALO          00158293              2306792818

DATE OF SERVICE         PROVIDER                         BILLED
06/17/08                CORNELL OPHTHALMOLOGY ASSOC       400.00

APPROVED FOR PAYMENT                  400.00

06/17/08                CORNELL OPHTHALMOLOGY ASSOC       200.00

REJ - SERVICE NOT AUTHORIZED          200.00

06/17/08                CORNELL OPHTHALMOLOGY ASSOC      3500.00

REJ - SERVICE NOT AUTHORIZED         3500.00


Billed:  4100.00        Approved:   400.00

        If you have questions, please call (203)432-0250

*Received*
*8|6|2008*

YALE UNIVERSITY
55 WHITNEY AVENUE
P.O. BOX 208217
NEW HAVEN, CT   06520-8217
EXPLANATION OF BENEFITS


TIFFANY L HALO                          CLAIM # 3234468
216 BISHOP STREET NO. 304               PROCESSED 07/30/2008
NEW HAVEN, CT   06510


NAME                    MRN #                   ACCOUNT #
TIFFANY L HALO          00158293                23059834I8

DATE OF SERVICE         PROVIDER                        BILLED
06/18/08                CORNELL OPHTHALMOLOGY ASSOC     325.00

REJ - SERVICE NOT AUTHORIZED            325.00

06/18/08                CORNELL OPHTHALMOLOGY ASSOC     150.00

REJ - SERVICE NOT AUTHORIZED            150.00


Billed:    475.00       Approved:       0.00

        If you have questions, please call (203)432-0250



August 7, 2008

Ms. Connie Rollinson
Manager of Claims
Yale Health Plan
55 Whitney Avenue
PO Box 208217
New Haven, CT 06520-8217

RE: First Level Claim Appeal
Claim #: 324468
Insured: Tiffany Halo
MRN # 00158293
Account #: 230598318
cc: Dr. Kaplan, Associate Director YHP



Dear Ms. Connie Rollinson:

    The intention of this letter is three-fold. First, it is to inform you that the Yale Health Services Plan and its administrators have failed miserably in taking care of Tiffany Halo, who is a PhD student in the Chemistry Department at Yale and who is a member of the Yale Health Plan. Second, this letter is to serve as a formal "first level claim appeal". Third, is to ask you, the Claims Review Committee of the Yale Health Plan, for your help in resolving this matter. The following is a detailed description:

    When a dark, round, flashing spot was noticed in the upper periphery of her left eye, Tiffany immediately went to the Yale University Health Services Emergency Room. UHS Care referred her to Dr. Huffman at Yale/New Haven Hospital, a retinal resident who concluded that there was a hole in the retina. She was then instructed to YNHH the following morning (June 1) to see Dr. Kempton, a Yale retinal fellow, who examined the retina. He diagnosed a "partially detached retina" and, in conjunction with the attending physician, Dr. Liggett, performed surgery. A scleral buckle was installed and cryotherapy was used to scar the retinal holes. Post-operatively, she was instructed to see Dr. Huang at the Temple street office on June 9th for a follow-up appointment. Dr. Huang determined that the scleral buckle did not facilitate reattachment of retina and that additional surgery would be required. On June 11th Tiffany had an appointment with Dr. Liggett in the Hamden Office, who is contracted by the Yale University Health Plan. He confirmed the persistence of detachment and scheduled a second surgery for a full vitrectomy with laser therapy. The second surgery was performed on June 13, 2008: a full vitrectomy followed by flattening of the retina and injection of perfluoropropane into the left eye; laser therapy was also performed to facilitate scarring and permanence of retinal reattachment. It was recommended by the surgeon, Dr. Liggett, that the head be maintained in an "inverted" position for at least 4 days after the surgery.

    Tiffany was released from the hospital on June 13, 2008 with instructions for post operative care that include a follow up appointment with Dr. Ligett on June 14, 2008 at 9 am in the Hamden office. While walking with her parents from the hospital to the car, however, Tiffany receives a telephone call from one of Dr. Ligett's employees, informing her that Dr. Ligett may not be able to examine her until the following Monday, June 16, 2008. The representative stated that they would call back to confirm this. Tiffany never received any confirmation, and as a consequence, on June 14th Tiffany goes in for the post op follow up with Dr. Ligett as per her discharge instructions. On June 14th, however, Dr. Ligett's PA (physicians assistant, Meghan) is there to examine her and removes her eye patch. She sends Tiffany home.

    Tiffany never saw Dr. Liggett post-operatively, and all instructions were given to her via the doctor's physician's assistant. Three days after the surgery, on June 16, 2008 woke up at 7am with a terrible, piercing pain in her head that persisted even after several doses of oxycodone taken every four hours. Tiffany's mother tried numerous times to obtain an emergency appointment with Dr. Liggett or another member of his practice, but nobody was available at a location that required less than a one-hour drive until 6pm. At 1pm that afternoon, Megan (PA to Dr. Liggett) prescribed a sulfa-based anti-pressure pill and drops; Tiffany *is allergic to sulfa drugs*. Patient took medication, not realizing it was sulfa based, and luckily no side effects were observed. Dr. Liggett's PA instructed Tiffany's mother to take Tiffany to the nearest emergency room if difficulty in her breathing occurred. While Tiffany did not suffer an allergic reaction, the pressure in her eye, was not relieved. At 5pm, she and her mother drove to New England Retinal Associates in Hamden for an appointment with Dr. Haffner (associate of Dr. Liggett); Tiffany vomited in the lobby of the building from the pain and multiple doses of oxycodone. At 6:30pm, when Dr. Haffner finally arrived at the office, he determined the pressure in

Tiffany's eye had spiked (pressure = 44); Dr. Haffner aspirated the front portion of the left eye (bubble was blocking fluid flow in front of eye), and removed half the bubble. Tiffany was still in *great* deal of pain. Dr. Haffner prescribed anti-nausea medication and Vicodin for the pain at her mother's insistence. Tiffany was then driven to NJ at 2am in order to recover and to get a second opinion.

On June 17, 2008 Tiffany had her first appointment with Dr. D'Amico of Cornell Weill Opthmalogy in New York City, which is near her parents' home. Dr. D'Amico immediately noticed three problems with the surgery performed by Dr. Ligett. First, Tiffany allergic to Vycril sutures; Dr. D'Amico removed sutures, and within 24 hours, redness and irritation in the left eye had decreased by more than fifty percent. Second, Dr. D'Amico was concerned Tiffany may have an infection; multiple cultures were taken and allowed to grow for 48-72 hours. Third, Tiffany's eye pressure was still greatly elevated and, as a consequence, Dr. D'Amico aspirated both the anterior and posterior portions of the left eye, removing > 0.5cc gas. Tiffany felt almost immediate relief. Dr. D'Amico also prescribed oral antibiotics for possible infection.

On the same day, (6/17/2008) Tiffany and her mother consulted with Dr. Susan Forster, the physician handling Tiffany's case at Yale Health Services, about the, "emergency situation." Dr. Forster approves the referral for a second opinion and informs Tiffany that she must consult with Ms. Vicki Eisler in the YUHS Claims Department for any further, "emergency coverage." Tiffany's parents then contacted Vicki Eisler, who in charge of Yale Health Benefit Claims Coordination, and informed her of the situation; they were told by Ms. Eisler that the circumstances were, "emergency in nature" and that authorization for extended referral and coverage of benefits would be given for Tiffany's care with Dr. D'Amico until 6/30/2008.

From June 17, 2008 until July 30, 2008 Tiffany and her parents left numerous voicemail messages with Ms. Eisler and Dr. Susan Forster in an effort to effectively coordinate and manage Tiffany's health care. Neither party returned any of the telephone calls and no confirmation of extended referral was communicated. In addition, there was no attempt by Dr. Ligett personally to communicate with Tiffany about her emergency post-operative care.

On August 5, 2008 Tiffany had a follow-up appointment with Dr. D'Amico. Her eye was still housing a significant portion of the perfluoropropane gas, a "nasty" cataract had formed, and Dr. Ligett's second surgery to reattach the retina was deemed a failure. Tiffany was informed that she will need a third surgery to repair the holes in the retina, remove the excess gas, replace the vitreal fluid, and remove and the lens, which now has a cataract, entirely. The surgery is scheduled for next Wednesday, August 13, 2008 with Dr. D'Amico at Cornell Weill Department of Ophthalmology.

On August 6, 2008 Tiffany received a formal notification that the entire claim for care with Dr. D'Amico would not covered except for the charge for a second opinion with Dr. D'Amico. On August 6, 2008 Tiffany and her mother finally spoke with Ms. Vicki Eisler on the telephone about the extended referral. She claimed that, "no official determination" was made about the extended referral but to put in an appeal to the denied claim. She also informed Tiffany's mother that Dr. Forster has the notes from Dr. Ligett and Dr. D'Amico on Tiffany's case.

In toto, the state of the current situation is that Dr. Susan Forster, the physician assigned to Tiffany through the Yale Health Benefit plan, and Ms. Vicki Eisler, in charge of benefit coverage, have both failed to provide adequate service or coordination of benefit coverage, while New England Retinal Associates and Dr. Liggett, who is contracted by the University Health plan, has failed to provide Tiffany with the treatment and care that are required for this type of emergency. Tiffany has now gone through two failed surgeries via referrals through the Yale Health Plan, and recovery will now take over 6 months, with no guarantee of fully restored vision.

The bottom line, Ms. Rollinson, is that if Tiffany were your daughter, would you want her to be treated by one of the most prestigious universities in the world in the above manner? The way in which the YHP personnel handled Tiffany's medical emergency not only put her health and her life in danger but also begs the question: should legal action be taken? I write now to ask for your help. My family requests only that Tiffany's medical bills for Dr. D'Amico be paid for by the Yale Health Plan

Sincerely yours,

Tiffany Halo, Candace Halo, Hal Halo (The Halo Family)

*Received*
*August 19, 2008*

# Yale Health Plan

*55 Whitney Avenue*
*P.O. Box 208217*
*New Haven, Connecticut 06520-8217*



**EXHIBIT**

**D**

August 15, 2008

Tiffany Halo
79 Henning Terrace
Denville, NJ   07834

Dear Ms. Halo:

I write in response to your letter of August 7, 2008 in which you appeal a decision by
Yale Health Plan to deny coverage for portions of the care you received out of network
on June 17, 2008 at the office of Dr. Donald D'Amico (Cornell Ophthalmology
Associates).  Your letter states that you sought care from Dr. D'Amico on your own
following experiences with in-network physicians that you felt were unsatisfactory.

Your claim has been reviewed in detail by our Medical Director, Dr. Michael Rigsby
along with the Chief of Ophthalmology, Dr. Susan Forster. Additional information and
documentation was provided by Care Coordination, Member Services and by the Yale
Eye Center and New England Retina Associates.

Our conclusion is that the care you received from Yale Health Plan, Yale Eye Center and
New England Retina Associates was timely and appropriate.  We noted that there were
several instances in which, due to the nature of your eye problem, you required care on
weekends or evenings.  As a result you were not able to consistently be seen by Dr.
Liggett, who performed your original surgery, but rather by other members of his group.
Coordination of care can be challenging in these circumstances, but the records
consistently show excellent documentation of the plan of care as well as the advice and
treatment provided.

You elected to leave the New Haven area and requested coverage for a second opinion
with a physician, Dr. D'Amico, in New York.  Coverage for non-emergency out of
network care is not part of your health care benefit with Yale Health Plan, but we
routinely do allow coverage *for consultation only* with an out-of-network clinician for the
purposes of obtaining a second opinion.  Your request for such a consultation was
approved.  The services provided by Dr. D'Amico went beyond consultation, resulting in
charges that were not covered by the original request.  As you state in your letter, these
charges were denied for coverage by Yale Health Plan.  We believe that this decision was
correct.  However, recognizing that you or Dr. Liggett may not have fully understood in

advance the limited nature of the approved referral, we will attempt to negotiate with Cornell Ophthalmology Associates a payment based on usual and customary charges for the services provided.  Any charges above and beyond the negotiated payment will not be the responsibility of Yale Health Plan.

Finally, we concluded that the communication informing you that coverage for further visits and follow-up surgery with Dr. D'Amico would be denied, based on the terms of your coverage, was clear and explicit.  You were informed of the availability of in-network retinal specialists to provide your needed follow up care and offered the choice of seeing a Yale retina specialist other than Dr. Liggett if you preferred.  We therefore conclude that the original decision to deny coverage for care with Dr. D'Amico beyond the visit on June 17th was correct. I strongly suggest that you contact Dr. Forster and reconsider your options for follow up care so that you can avoid incurring what may be very large additional costs, which will be your responsibility to pay.

You are entitled to further review of your appeal with the Claims Review Committee as described in your member handbook.  If you with to pursue this route, please contact Vicki Eisler (203-432-0109) in Member Services for information and assistance.

Sincerely,

Connie Rollinson
Manager, Claims and Billing
Yale University Health Service

**Yale Health Plan**

*Claims Department*
*55 Whitney Avenue*
*P.O. Box 208217*
*New Haven, Connecticut 06520-8217*

07834+3716 R003

Tiffany Halo
79 Henning Terrace
Denville, NJ   07834

UNITED STATES POSTAGE
PITNEY BOWES
02 1A        $ 00.420
0004628494   AUG19 2008
MAILED FROM ZIP CODE 06511



79 Henning Terrace
Denville, NJ 07834

August 7, 2008

Richard C Levine,
President of Yale University
Yale University
PO Box 208229
New Haven, CT 06520-8229

Dear President Levine:

The intention of this letter is two-fold. First it is to inform you that the Yale Health Services Plan and its administrators have failed miserably in taking care of Tiffany Halo, who is a PhD student in the Chemistry Department at Yale and who is a member of the Yale Health Plan. Second, it is ask you, personally for your help in resolving this matter. The following is a detailed description:

When a dark, round, flashing spot was noticed in the upper periphery of her left eye, Tiffany immediately went to the Yale University Health Services Emergency Room. UHS Care referred her to Dr. Huffman at Yale/New Haven Hospital, a retinal resident who concluded that there was a hole in the retina. She was then instructed to YNHH the following morning (June 1) to see Dr. Kempton, a Yale retinal fellow, who examined the retina. He diagnosed a "partially detached retina" and, in conjunction with the attending physician, Dr. Liggett, performed surgery. A scleral buckle was installed and cryotherapy was used to scar the retinal holes. Post-operatively, she was instructed to see Dr. Huang at the Temple street office on June 9th for a follow-up appointment. Dr. Huang determined that the scleral buckle did not facilitate reattachment of retina and that additional surgery would be required. On June 11th Tiffany had an appointment with Dr. Liggett in the Hamden Office, who is contracted by the Yale University Health Plan. He confirmed the persistence of detachment and scheduled a second surgery for a full vitrectomy with laser therapy. The second surgery was performed on June 13, 2008: a full vitrectomy followed by flattening of the retina and injection of perfluoropropane into the left eye; laser therapy was also performed to facilitate scarring and permanence of retinal reattachment. It was recommended by the surgeon, Dr. Liggett, that the head be maintained in an "inverted" position for at least 4 days after the surgery.

Tiffany was released from the hospital on June 13, 2008 with instructions for post operative care that include a follow up appointment with Dr. Ligett on June 14, 2008 at 9 am in the Hamden office. While walking with her parents from the hospital to the car, however, Tiffany receives a telephone call from one of Dr. Ligett's employees, informing her that Dr. Ligett may not be able to examine her until the following Monday, June 16, 2008. The representative stated that they would call back to confirm this. Tiffany never received any confirmation, and as a consequence, on June 14th Tiffany goes in for the post op follow up with Dr. Ligett as per her discharge instructions. On June 14th, however, Dr. Ligett's PA (physicians assistant, Meghan) is there to examine her and removes her eye patch. She sends Tiffany home.

Tiffany never saw Dr. Liggett post-operatively, and all instructions were given to her via the doctor's physician's assistant. Three days after the surgery, on June 16, 2008 woke up at 7am with a terrible, piercing pain in her head that persisted even after several doses of oxycodone taken every four hours. Tiffany's mother tried numerous times to obtain an emergency appointment with Dr. Liggett or another member of his practice, but nobody was available at a location that required less than a one-hour drive until 6pm. At 1pm that afternoon, Megan (PA to Dr. Liggett) prescribed a sulfa-based anti-pressure pill and drops; Tiffany *is allergic to sulfa drugs*. Patient took medication, not realizing it was sulfa based, and luckily no side effects were observed. Dr. Liggett's PA instructed Tiffany's mother to take Tiffany to the nearest emergency room if difficulty in her breathing occurred. While Tiffany did not suffer an allergic reaction, the pressure in her eye, was not relieved. At 5pm, she and her mother drove to New England Retinal Associates in Hamden for an appointment with Dr. Haffner (associate of Dr. Liggett); Tiffany vomited in the lobby of the building from the pain and multiple doses of oxycodone. At 6:30pm, when Dr. Haffner finally arrived at the office, he determined the pressure in Tiffany's eye had spiked (pressure = 44); Dr. Haffner aspirated the front portion of the left eye (bubble was blocking fluid flow in front of eye), and removed half the bubble. Tiffany was still in *great* deal of pain. Dr. Haffner prescribed anti-nausea medication and Vicodin for the pain at her mother's insistence. Tiffany was then driven to NJ at 2am in order to recover and to get a second opinion.

On June 17, 2008 Tiffany had her first appointment with Dr. D'Amico of Cornell Weill Opthmalogy in New York City, which is near her parents' home. Dr. D'Amico immediately noticed three problems with the surgery performed by Dr. Ligett. First, Tiffany allergic to Vycril sutures; Dr. D'Amico removed sutures, and within 24 hours, redness and irritation in the left eye had decreased by more than fifty percent. Second, Dr. D'Amico was concerned Tiffany may have an infection; multiple cultures were taken and allowed to grow for 48-72 hours. Third, Tiffany's eye pressure was still greatly elevated and, as a consequence, Dr. D'Amico aspirated both the anterior and posterior portions of the left eye,

removing > 0.5cc gas.  Tiffany felt almost immediate relief.  Dr. D'Amico also prescribed oral antibiotics for possible infection.

On the same day, (6/17/2008) Tiffany and her mother consulted with Dr. Susan Forster, the physician handling Tiffany's case at Yale Health Services, about the, "emergency situation." Dr. Forster approves the referral for a second opinion and informs Tiffany that she must consult with Ms. Vicki Eisler in the YUHS Claims Department for any further, "emergency coverage." Tiffany's parents then contacted Vicki Eisler, who in charge of Yale Health Benefit Claims Coordination, and informed her of the situation; they were told by Ms. Eisler that the circumstances were, "emergency in nature" and that authorization for extended referral and coverage of benefits would be given for Tiffany's care with Dr. D'Amico until 6/30/2008.

From June 17, 2008 until July 30, 2008 Tiffany and her parents left numerous voicemail messages with Ms. Eisler and Dr. Susan Forster in an effort to effectively coordinate and manage Tiffany's health care. Neither party returned any of the telephone calls and no confirmation of extended referral was communicated.  In addition, there was no attempt by Dr. Ligett personally to communicate with Tiffany about her emergency post-operative care.

On August 5, 2008 Tiffany had a follow-up appointment with Dr. D'Amico. Her eye was still housing a significant portion of the perfluoropropane gas, a "nasty" cataract had formed, and Dr. Ligett's second surgery to reattach the retina was deemed a failure. Tiffany was informed that she will need a third surgery to repair the holes in the retina, remove the excess gas, replace the vitreal fluid, and remove and the lens, which now has a cataract, entirely.  The surgery is scheduled for next Wednesday, August 13, 2008 with Dr. D'Amico at Cornell Weill Department of Ophthalmology.

On August 6, 2008 Tiffany received a formal notification that the entire claim for care with Dr. D'Amico would not covered except for the charge for a second opinion with Dr. D'Amico. On August 6, 2008 Tiffany and her mother finally spoke with Ms. Vicki Eisler on the telephone about the extended referral. She claimed that, "no official determination" was made about the extended referral but to put in an appeal to the denied claim. She also informed Tiffany's mother that Dr. Forster has the notes from Dr. Ligett and Dr. D'Amico on Tiffany's case.

In toto, the state of the current situation is that Dr. Susan Forster, the physician assigned to Tiffany through the Yale Health Benefit plan, and Ms. Vicki Eisler, in charge of benefit coverage, have both failed to provide adequate service or coordination of benefit coverage, while New England Retinal Associates and Dr. Liggett, who is contracted by the University Health plan, has failed to provide Tiffany with the treatment and care that are required for this type of emergency. Tiffany has now gone through two failed surgeries via referrals through the Yale Health Plan, and recovery will now take over 6 months, with no guarantee of fully restored vision.

The bottom line, Mr. Levine, is that if Tiffany were your daughter, would you want her to be treated by one of the most prestigious universities in the world in the above manner?  The way in which the YHP personnel handled Tiffany's medical emergency not only put her health and her life in danger but also begs the question: should legal action be taken? I write now to ask for your help.  My family requests only that Tiffany's medical bills for Dr. D'Amico be paid for by the Yale Health Plan. We make this appeal to you with the fundamental policy direction that is depicted in an excerpt form your short biography (which is one of the reasons, my daughter, Tiffany, decided to attend Yale University, PhD Chemistry program. It states:

> *Under President Levin's leadership, Yale completed in 1997 a $1.7 billion fundraising campaign, and invested more than $3 billion in a campus renovation and building program. Yale is now engaged in another major fundraising campaign with a goal of $3 billion. To ensure Yale's preeminence in research and discovery, he has committed $1 billion to renovating and expanding Yale's medical and science facilities, including the construction of five new sciences and engineering buildings.*

I would be so bold to add, that investments in students like Tiffany are at the center of ensuring Yale's preeminence in research and discovery. But if the university fails to invest in its human capitol, then the probability of success decreases significantly. Thank you for your time.

Sincerely yours,

Tiffany Halo, Candace Halo, and Hal Halo (The Halo Family)

# YALE UNIVERSITY

OFFICE OF THE PRESIDENT



**EXHIBIT**
tabbies®
**F**

105 WALL STREET, PO BOX 208229
NEW HAVEN CT 06520-8229

August 14, 2008

Mr. and Mrs. Hal Halo
Ms. Tiffany Halo
79 Henning Terrace
Denville, NJ 07834

Dear Halo Family:

Thank you for your letter dated August 7, 2008 in which you informed me about Tiffany's medical situation. I was sorry to learn that she developed this ophthalmologic problem and that she needed to see several specialists. Yale Health Plan is actively reviewing the issues pertaining to Tiffany's care and insurance coverage. It is my understanding that Yale Health Plan has rejected Tiffany's claim for medical coverage outside of our network of ophthalmologists. However, your appeal of this determination will be the topic of upcoming Yale Health Plan Claims Review Committee meeting.

Please accept my best wishes for a quick and total recovery.

Sincerely yours,

Richard C. Levin

Richard C. Levin

RCL:mg



September 8, 2008

Ms. Connie Rollinson
Manager of Claims
Yale Health Plan
55 Whitney Avenue
PO Box 208217
New Haven, CT 06520-8217

RE: First Level Claim Appeal/ Follow up Letter
Claim #: 324468
Insured: Tiffany Halo
MRN # 00158293
Account #: 230598318
cc: Dr. Kaplan, Associate Director YHP

Dear Ms. Rollins:

This letter is to serve as a formal response to your letter of August 15, 2008 in which you denied the appeal under the Yale Health Plan for the care, coverage, and expenses that student and patient Tiffany Halo received at New York Presbyterian Hosptial / Weill Cornell Medical Center with Dr. Donald J. D'Amico. Upon reviewing this letter, we discovered several issues - either inaccuracies or omissions - about Tiffany's case that need to be addressed.

First, the letter states that Medical Director Dr. Michael Rigsby, along with Chief of Ophthalmology Dr. Susan Forster, have reviewed the claim in detail along with documentation provided by Care Coordination, Member Services, the Yale Eye Center and New England Retina Associates. It should be noted that neither Dr. Rigsby nor Dr. Forster *ever physically examined Tiffany*. We bring this to your attention only to highlight that these two practitioners, who would likely provide the most unbiased opinions about the seriousness of Tiffany's condition, were required to give their medical opinions after being provided with only paperwork about the case. We feel that, had either of these doctors examined Tiffany, their conclusions about the severity of her condition, as well as the physical pain she suffered, would have been different.

Second, the letter concludes that Tiffany received timely and appropriate care from Yale Health Plan, Yale Eye Center and New England Retina Associates; we believe this conclusion is based on several factual inaccuracies. Paragraph three of the letter states, "we noted that there were several instances in which, due to the nature of your eye problem, you required care on weekends or evenings…and as a result you were not able to consistently be seen by Dr. Liggett, who performed your original surgery." In reality, New England Retina Associates denied Tiffany adequate post-operative medical care on Monday, June 16, 2008, a regular business day. At 7:00am on that day, Tiffany awoke with a terrible migraine, which, we later learned, was due to unexpected expansion of the perfluoropropane gas that had been placed in her eye during surgery with Dr. Liggett on June 13, 2008. The migaine pain was also caused by a smaller gas bubble that was trapped in the anterior portion of her eye. The pain, which left her unable to leave her bed for the entire day, and which was non-responsive to prescription opiate-based pain killers, was left untreated for 11 hours, until Dr. Haffner was finally available to examine Tiffany in Dr. Liggett's absence at 6pm Monday night, June 16, 2008. The only person who was available for consultation on that day was Dr. Liggett's P.A., who prescribed an altitude sickness / anti-pressure medication for Tiffany that, in addition to being symptomatically ineffective, could have caused a dangerous allergic reaction (Tiffany is allergic to sulfa-based drugs). As a consequence, the conclusion that she received timely and appropriate treatment is simply not an accurate one.

Third, the letter makes reference in paragraph four that, "you elected to leave the New Haven area." Tiffany was not in any condition to leave the New Haven area of her own volition. Tiffany was still in a *great* deal of pain. Dr. Haffner prescribed anti-nausea medication and hydrocodone for the pain at her mother's insistence. Tiffany was then driven to NJ at 2am in order to see a specialist at New York Presbyterian Hospital (Dr. D'Amico) the next morning. Furthermore, the letter states that the, "services Dr. D'Amico provided went beyond consultation." When Dr. D'Amico examined Tiffany, he removed Vicryl sutures (because she had an allergic reaction to them), aspirated both the anterior and posterior chambers of her eye in order to relieve the still-elevated pressure and pain, took bacterial and fungal cultures because infection was suspected, and started her on an antibiotic regimen. The improvement of her eye over the next 24 hours was dramatic: the pain subsided, the pressure decreased to a medically acceptable level, and the scleral redness and swelling reduced significantly. These procedures were medically necessary to protect the integrity of her eye from infection and (further) permanent damage; they were ignored by her unavailable surgeon, Dr. Liggett, and denied by covering ophthalmologist, Dr. Haffner.

Fourth, the letter states in paragraph four, "However, recognizing that you or Dr. Liggett may not have full understood in advance the limited nature of the approved referral, we will attempt to negotiate with Cornell Ophthalmology Associates a payment." This statement makes reference to the wrong doctor: it should read "Dr. D'Amico" instead of "Dr. Liggett." This is an understandable error given the number of fellows, assistants, and ophthalmologists that Tiffany was instructed to see by Yale University Health Services and associated parties. We are confused, however, because, despite the large number of medical practitioners and associates that are listed in her medical records as having examined Tiffany's eye, the letter still advises that Tiffany reconsider her options and get in touch with Dr. Forster about seeing yet another Yale retinal specialist.

And finally, the letter concludes that Tiffany should reconsider her options for follow-up care so that she can avoid incurring what may be very large additional costs. The problem here is that the letter was sent on August 15, 2008, and Tiffany already had surgery with Dr. D'Amico on August 13, 2008. This letter is being forwarded to the Claims Review Committee because Tiffany's surgery on August 13 with Dr. D'Amico was extensive, timely, and medically necessary: the surgery entailed removal of the lens because of a cataract that had rapidly developed from the perfluoropropane gas, removal of that gas, which still occupied betwen 33-50% of the volume of her eye after 8 weeks of recovery from the surgery performed by Dr. Liggett, laser therapy to reattach the retina, and installation of a silicone oil bubble to stabilize recovery. We use the word, "timely," because, as of August 13, 2008, her retina had been detached (again) for over 7 days, and Dr. D'Amico was concerned that the detachment could extend to the macula.

We feel it prudent to respond to the abovementioned issues addressed in the August 15, 2008 initial claim denial so that the Claims Review Committee is fully informed of Tiffany's situation upon secondary examination of her claim. This has been a difficult summer for our family, and we apologize for any inconvenience these circumstances may have caused. Tiffany never expected nor intended to receive medical care out-of-state; after being denied any or adequate care numerous times by Yale-associated practitioners, it was necessary to move her to a location where she could receive immediate medical attention and be looked after by her family. The severity of her situation makes this claim a legitimate one, and we hope that after careful examination of these extenuating circumstances, the Claims Review Committee will agree.

Thank you very much for your time.

Sincerely,

Hal, Candace, and Tiffany Halo

September 8, 2008

Claims Review Committee of the Yale Health Plan
Yale Health Plan
17 Hillhouse Avenue
PO Box 208237
New Haven, CT 06520-8237

**EXHIBIT**

*tabbies* **H**

RE: Second Level Claim Appeal
Claim #: 324468
Insured:  Tiffany Halo
MRN # 00158293
Account #: 230598318

Dear Claims Review Committee:

The intention of this letter is three-fold. First, it is to inform you that the Yale Health Services Plan and its administrators have failed miserably in taking care of Tiffany Halo, who is a PhD student in the Chemistry Department at Yale and who is a member of the Yale Health Plan. Second, this letter is to serve as a formal "second level claim appeal". Third, is to ask you, the Claims Review Committee of the Yale Health Plan, for your help in resolving this matter. The following is a detailed description:

When a dark, round, flashing spot was noticed in the upper periphery of her left eye, Tiffany immediately went to the Yale University Health Services Emergency Room.  UHS Care referred her to Dr. Huffman at Yale/New Haven Hospital, a retinal resident who concluded that there was a hole in the retina. She was then instructed to YNHH the following morning (June 1) to see Dr. Kempton, a Yale retinal fellow, who examined the retina. He diagnosed a "partially detached retina" and, in conjunction with the attending physician, Dr. Liggett, performed surgery. A scleral buckle was installed and cryotherapy was used to scar the retinal holes. Post-operatively, she was instructed to see Dr. Huang at the Temple street office on June 9th for a follow-up appointment. Dr. Huang determined that the scleral buckle did not facilitate reattachment of retina and that additional surgery would be required. On June 11th Tiffany had an appointment with Dr. Liggett in the Hamden Office, who is contracted by the Yale University Health Plan. He confirmed the persistence of detachment and scheduled a second surgery for a full vitrectomy with laser therapy. The second surgery was performed on June 13, 2008: a full vitrectomy followed by flattening of the retina and injection of perfluoropropane into the left eye; laser therapy was also performed to facilitate scarring and permanence of retinal reattachment.  It was recommended by the surgeon, Dr. Liggett, that the head be maintained in an "inverted" position for at least 4 days after the surgery.

Tiffany was released from the hospital on June 13, 2008 with instructions for post operative care that include a follow up appointment with Dr. Ligett on June 14, 2008 at 9 am in the Hamden office. While walking with her parents from the hospital to the car, however, Tiffany receives a telephone call from one of Dr. Ligett's employees, informing her that Dr. Ligett may not be able to examine her until the following Monday, June 16, 2008. The representative stated that they would call back to confirm this. Tiffany never received any confirmation, and as a consequence, on June 14th Tiffany goes in for the post op follow up with Dr. Ligett as per her discharge instructions. On June 14th, however, Dr. Ligett's PA (physicians assistant, Meghan) is there to examine her and removes her eye patch. She sends Tiffany home.

Tiffany never saw Dr. Liggett post-operatively, and all instructions were given to her via the doctor's physician's assistant.  Three days after the surgery, on June 16, 2008 woke up at 7am with a terrible, piercing pain in her head that persisted even after several doses of oxycodone taken every four hours.  Tiffany's mother tried numerous times to obtain an emergency appointment with Dr. Liggett or another member of his practice, but nobody was available at a location that required less than a one-hour drive until 6pm.  At 1pm that afternoon, Megan (PA to Dr. Liggett) prescribed a sulfa-based anti-pressure pill and drops; Tiffany *is allergic to sulfa drugs*.  Patient took medication, not realizing it was sulfa based, and luckily no side effects were observed.  Dr. Liggett's PA instructed Tiffany's mother to take Tiffany to the nearest emergency room if difficulty in her breathing occurred.  While Tiffany did not suffer an allergic reaction, the pressure in her eye, was not relieved.  At 5pm, she and her mother drove to New England Retinal Associates in Hamden for an appointment with Dr. Haffner (associate of Dr. Liggett); Tiffany vomited in the lobby of the building from the pain and multiple doses of oxycodone.  At 6:30pm, when Dr. Haffner finally arrived at the office, he determined the pressure in Tiffany's eye had spiked (pressure = 44); Dr. Haffner aspirated the front portion of the left eye (bubble was blocking fluid flow in front of eye), and removed half the bubble.  Tiffany was still in *great* deal of pain.  Dr. Haffner prescribed anti-

nausea medication and Vicodin for the pain at her mother's insistence. Tiffany was then driven to NJ at 2am in order to recover and to get a second opinion.

On June 17, 2008 Tiffany had her first appointment with Dr. D'Amico of Cornell Weill Opthmalogy in New York City, which is near her parents' home. Dr. D'Amico immediately noticed three problems with the surgery performed by Dr. Ligett. First, Tiffany allergic to Vycril sutures; Dr. D'Amico removed sutures, and within 24 hours, redness and irritation in the left eye had decreased by more than fifty percent. Second, Dr. D'Amico was concerned Tiffany may have an infection; multiple cultures were taken and allowed to grow for 48-72 hours. Third, Tiffany's eye pressure was still greatly elevated and, as a consequence, Dr. D'Amico aspirated both the anterior and posterior portions of the left eye, removing > 0.5cc gas. Tiffany felt almost immediate relief. Dr. D'Amico also prescribed oral antibiotics for possible infection.

On the same day, (6/17/2008) Tiffany and her mother consulted with Dr. Susan Forster, the physician handling Tiffany's case at Yale Health Services, about the, "emergency situation." Dr. Forster approves the referral for a second opinion and informs Tiffany that she must consult with Ms. Vicki Eisler in the YUHS Claims Department for any further, "emergency coverage." Tiffany's parents then contacted Vicki Eisler, who in charge of Yale Health Benefit Claims Coordination, and informed her of the situation; they were told by Ms. Eisler that the circumstances were, "emergency in nature" and that authorization for extended referral and coverage of benefits would be given for Tiffany's care with Dr. D'Amico until 6/30/2008.

From June 17, 2008 until July 30, 2008 Tiffany and her parents left numerous voicemail messages with Ms. Eisler and Dr. Susan Forster in an effort to effectively coordinate and manage Tiffany's health care. Neither party returned any of the telephone calls and no confirmation of extended referral was communicated. In addition, there was no attempt by Dr. Ligett personally to communicate with Tiffany about her emergency post-operative care.

On August 5, 2008 Tiffany had a follow-up appointment with Dr. D'Amico. Her eye was still housing a significant portion of the perfluoropropane gas, a "nasty" cataract had formed, and Dr. Ligett's second surgery to reattach the retina was deemed a failure. Tiffany was informed that she will need a third surgery to repair the holes in the retina, remove the excess gas, replace the vitreal fluid, and remove and the lens, which now has a cataract, entirely. The surgery is scheduled for next Wednesday, August 13, 2008 with Dr. D'Amico at Cornell Weill Department of Ophthalmology.

On August 6, 2008 Tiffany received a formal notification that the entire claim for care with Dr. D'Amico would not covered except for the charge for a second opinion with Dr. D'Amico. On August 6, 2008 Tiffany and her mother finally spoke with Ms. Vicki Eisler on the telephone about the extended referral. She claimed that, "no official determination" was made about the extended referral but to put in an appeal to the denied claim. She also informed Tiffany's mother that Dr. Forster has the notes from Dr. Ligett and Dr. D'Amico on Tiffany's case.

In toto, the state of the current situation is that Dr. Susan Forster, the physician assigned to Tiffany through the Yale Health Benefit plan, and Ms. Vicki Eisler, in charge of benefit coverage, have both failed to provide adequate service or coordination of benefit coverage, while New England Retinal Associates and Dr. Liggett, who is contracted by the University Health plan, has failed to provide Tiffany with the treatment and care that are required for this type of emergency. Tiffany has now gone through two failed surgeries via referrals through the Yale Health Plan, and recovery will now take over 6 months, with no guarantee of fully restored vision.

The bottom line is if Tiffany were your daughter, would you want her to be treated by one of the most prestigious universities in the world in the above manner? The way in which the YHP personnel handled Tiffany's medical emergency not only put her health and her life in danger but also begs the question: should legal action be taken? I write now to ask for your help. My family requests only that Tiffany's medical bills for Dr. D'Amico be paid for by the Yale Health Plan.

And finally, you should be aware that Ms. Vicki Eisler informed Tiffany Halo, via telephone, on August 7, 2008 that they (Ms. Eisler, Dr. Susan Forster, and Dr. Ligett of New England Eye Associates) would not be prepared for the requested Claims Review any time before September 9, 2008 because they have not been able, to date, to coordinate or correspond with one another in order to discuss or resolve Tiffany Halo's case.


Sincerely yours,

Tiffany Halo, Candace Halo, Hal Halo (The Halo Family)

# Yale Health Plan

*17 Hillhouse Avenue*
*P.O. Box 208237*
*New Haven, Connecticut 06520-8237*



September 18, 2008

Tiffany Halo
79 Henning Terrace
Denville, NJ 07834

Dear Ms. Halo,

The Claims Committee met on September 9, 2008 to review your case regarding reimbursement for services rendered by Dr. Donald D'Amico on June 17, 2008 and August 13, 2008.

The Claims Committee voted to approve payment in full for the office visits on June 17, 2008 and June 18th, 2008 and to uphold the denial of payment for surgery on August 13, 2008.

We regret any hardship this might cause, but the benefits are administered according to the terms of the policy.

Sincerely,

Moshe Siev, MD
Claims Committee co-Chair

**HAROLD G. HALO**
79 Henning Terrace
Denville, NJ  07834-3716



September 29, 2008


Moshe Siev, MD
Claims Committee co-Chair
Yale Health Plan
17 Hillhouse Avenue
PO Box 208237
New Haven, CT  06520-8237

**Re:  Tiffany Halo vs. Yale Health Plan (YHP)**

Dear Dr. Siev:

This will confirm your letter of September 18, 2008 on the above matter.  We appreciate the Claims Committee approval of claims presented by Dr. Donald DiAmico on June 17 and June 18, 2008.

Please accept this letter as a formal request for the Committee to revisit Dr. DiAmico's surgery of August 13, 2008.

If you have any questions, please do not hesitate to call.

Respectfully,

Hal Halo

HH:adt


CERTIFIED MAIL
RETURN RECEIPT REQUESTED

# Yale Health Plan

*17 Hillhouse Avenue*
*P.O. Box 208237*
*New Haven, Connecticut 06520-8237*



November 6, 2008


Tiffany Halo
216 Bishop Street
Apartment #304
New Haven, CT 06511

Dear Ms. Halo,


The Claims Committee met on November 4, 2008 to review your appeal regarding reimbursement for charges related to surgery performed by Dr. D'Amico at Weill Cornell Ophthalmology Associates in New York on August 13, 2008.

I am sorry to inform you that the Claims Committee voted unanimously to uphold the denial of payment for these services.

We regret any hardship this might cause, but the benefits are administered equitable and according to the terms of the policy.


Sincerely,

Moshe Siev, MD
Claims Committee co-Chair



EXHIBIT

                    YALE UNIVERSITY
                    55 WHITNEY AVENUE
                     P.O. BOX 208217
                 NEW HAVEN, CT  06520-8217
                 EXPLANATION OF BENEFITS


    TIFFANY L HALO                    CLAIM # 3316947
    216 BISHOP STREET NO. 304         PROCESSED 11/07/2008
    NEW HAVEN, CT  06510


NAME                     MRN #                ACCOUNT #
TIFFANY L HALO           00158293             2371886618

DATE OF SERVICE          PROVIDER                        BILLED
06/20/08                 CORNELL OPHTHALMOLOGY ASSOC      325.00

REJ - SERVICE NOT AUTHORIZED            325.00

06/20/08                 CORNELL OPHTHALMOLOGY ASSOC         150.00

REJ - SERVICE NOT AUTHORIZED            150.00

06/26/08                 CORNELL OPHTHALMOLOGY ASSOC         325.00

REJ - SERVICE NOT AUTHORIZED            325.00

06/26/08                 CORNELL OPHTHALMOLOGY ASSOC         150.00

REJ - SERVICE NOT AUTHORIZED            150.00




Billed:   950.00        Approved:      0.00

          If you have questions, please call (203)432-0250

YALE UNIVERSITY
55 WHITNEY AVENUE
P.O. BOX 208217
NEW HAVEN,CT  06520-8217
EXPLANATION OF BENEFITS

TIFFANY L HALO                          CLAIM # 3300697
216 BISHOP STREET NO. 304               PROCESSED 11/07/2008
NEW HAVEN,CT  06510

NAME                    MRN #                   ACCOUNT #
TIFFANY L HALO          00158293                2360028614

DATE OF SERVICE         PROVIDER                        BILLED
09/17/08                CORNELL ANESTHESIOLOGY ASSOC    1950.00

REJ - SERVICE NOT AUTHORIZED            1950.00

Billed:  1950.00        Approved:       0.00

      If you have questions, please call (203)432-0250

YALE UNIVERSITY
55 WHITNEY AVENUE
P.O. BOX 208217
NEW HAVEN,CT  06520-8217
EXPLANATION OF BENEFITS

TIFFANY L HALO                           CLAIM # 3300491
216 BISHOP STREET NO. 304                PROCESSED 11/07/2008
NEW HAVEN,CT  06510

NAME                    MRN #                    ACCOUNT #
TIFFANY L HALO          00158293                 2355292418

DATE OF SERVICE         PROVIDER                           BILLED
09/17/08                CORNELL OPHTHALMOLOGY ASSOC       12000.00

REJ - SERVICE NOT AUTHORIZED              12000.00

Billed: 12000.00         Approved:       0.00

If you have questions, please call (203)432-0250



## SCHEDULE OF MEDICAL BILLS
## PAID BY PLAINTIFF

| 06/18/08 | Dr. D'Amico – Office Visit | $ 4,100.00 |
|---|---|---|
| 06/26/08 | Dr. D'Amico – Office Visit | 475.00 |
| | | |
| 08/05/08 | Dr. D'Amico – Office Visit | 150.00 |
| 08/13/08 | NY Presbyterian Hospital – Operating Room | 7,519.00 |
| 08/13/08 | Dr. D'Amico – Surgeon | 12,000.00 |
| 08/13/08 | Dr. Turner – Anesthesiologist | 1,800.00 |
| | | |
| 09/17/08 | NY Presbyterian Hospital – Operating Room | 7,519.00 |
| 09/17/08 | Dr. D'Amico – Surgeon | 12,000.00 |
| 09/17/08 | Dr. Turner – Anesthesiologist | 1,950.00 |
| | | |
| | **TOTAL** | **$ 47,513.00** |

```
                          0 • *

             7,519•00+
            12,000•00+
             1,800•00+
             7,519•00+
            12,000•00+
             1,950•00+
             4,100•00+
               475•00+
               150•00+
    009
            47,513•00*
```



**Weill Cornell Physicians**

575 Lexington Ave - Suite 540
New York, NY 10022

| Statement Date | Account Number | Amount Due | AMOUNT ENCLOSED |
|---|---|---|---|
| 12/24/2008 | 8-M102053942 5971 | $25,100.00 | $ |

| IF PAYING BY CREDIT CARD PLEASE INDICATE TYPE OF CARD BEING USED FOR PAYMENT |
|---|
| ☐ Visa    ☐ MasterCard    ☐ Discover    ☐ American Express |
| CARD NUMBER |
| SIGNATURE                                          EXP. DATE        / |

**RETURN SERVICE REQUESTED**

0801020539425971002510000122408¶

llll..l..ll..l.l..llll...l.l..ll.l..ll.l..l.l..ll

013770 1 MB 0.369
CANDACE HALO
79 HENNING TERRACE
DENVILLE NJ 07834-3716

1013770

*MAKE CHECKS PAYABLE AND MAIL TO:*

**Weill Cornell Medical College**
PO Box 27284
New York, NY 10087-7284

l..lllll..ll..l..l.l..ll..l.l.ll.l..l.l..l.l

---

DETACH AND RETURN TOP PORTION WITH YOUR PAYMENT. IF ADDRESS OR INSURANCE INFORMATION IS INCORRECT PLEASE INDICATE CHANGE(S) ON REVERSE SIDE.

**Weill Cornell Physician Organization At New York Weill Cornell Medical Center**
**Department Of Ophthalmology**
## STATEMENT OF PROFESSIONAL SERVICES

Account Number: 8-M102053942
GUARANTOR: Candace Halo
PATIENT: Tiffany Halo

Tax Identification: 13-1623978
Invoices Listed as of December 24, 2008
If you have questions about your account
Please call **212-590-5710**

| SUMMARY |
|---|
| **TOTAL AMOUNT DUE FROM PATIENT OR RESPONSIBLE PARTY AS OF 12/24/2008**    $25,100.00 |
| **An Important Message Regarding Your Account** |
| Please remit payment in full.  If you have any questions, please contact our office at the telephone number shown above. Thank you. |

| SERVICES AND ASSOCIATED CHARGES | PAYMENTS AND AMOUNT OWED BY PATIENT |
|---|---|

**INVOICE NUMBER: 23325979**

| | | |
|---|---|---|
| Date of Service: 08/05/2008 | 08/07/2008 Insurance billed | |
| Provider: Donald J Damico MD | 09/02/2008 Insurance re-billed | |
| Location: Doctor's Office | 10/03/2008 Insurance payment | $0.00 |
| Diagnosis: 361.00,362.56,366.20 | | |
| Service Performed: Postop follow-up visit    $0.00 | 10/13/2008 Insurance payment | $0.00 |
| CPT Code: 99024    Units: 1 | | |
| Service Performed: Special eye exam, subsequent    $150.00 | 10/24/2008 Insurance payment | $0.00 |
| CPT Code: 92226    Units: 1 | | |
| Service Performed: Encounter documentation    $0.00 | | |
| CPT Code: G8447    Units: 1 | | |
| TOTAL CHARGES    $150.00 | **AMOUNT DUE NOW:** | **$150.00** |

**INVOICE NUMBER: 23457862**

| | | |
|---|---|---|
| Date of Service: 08/13/2008 | 09/02/2008 Insurance billed | |
| Provider: Donald J Damico MD | 09/09/2008 Insurance re-billed | |
| Location: Outpatient Hospital | 09/10/2008 Patient payment | $5,000.00 |
| Diagnosis: 361.00,362.56 | | |
| Service Performed: Repair retinal detach, cplx    $12,000.00 | 10/13/2008 Insurance payment | $0.00 |

---

Case 3:10-cv-01949-VLB   Document 1   Filed 12/13/10   Page 32 of 46

| Patient Name: | Tiffany Halo | | Guarantor Name: | Candace Halo | |
|---|---|---|---|---|---|
| Address: | 79 Henning Terrace | | Address: | 79 Henning Terrace | |
| City, State, Zip: | Denville, NJ 07834 | | | | |
| Home Telephone: | 973-343-2924 | | City, State, Zip: | Denville, NJ 07834 | |
| Date Of Birth: | | | Home Telephone: | 973-343-2924 | |
| Primary Ins. Co.: | COMMERCIAL MISC | | Secondary Ins. Co.: | BLUE CHOICE PPO | |
| Address: | 55 WHITNEY AVENUE | | Address: | POB 3877 | |
| City, State, Zip: | NEW HAVEN,CT  06520 | | City, State, Zip: | NEW YORK,NY  10008-1407 | |
| Telephone: | 203-432-0252 | | Telephone: | 800-992-2583 | |
| Group/Plan: | YHP | | Group/Plan: | 9000-00/PPO | |
| Policy Id#: | 00158293 | | Policy Id#: | YHA146560169 | |
| Subscriber: | | | Subscriber: | Candace Halo | |
| Date Of Birth: | | | Date Of Birth: | | |
| Rel. To Insured: | | | Rel. To Insured: | DEP CHILD | |

| SERVICES AND ASSOCIATED CHARGES | | PAYMENTS AND AMOUNT OWED BY PATIENT | |
|---|---|---|---|
| CPT Code: 67113   Units: 1 | | | |
| Service Performed: Removal of lens material; extracapsular | $5,000.00 | | |
| CPT Code: 66940   Units: 1 | | | |
| TOTAL CHARGES | $17,000.00 | **AMOUNT DUE NOW:** | $12,000.00 |

INVOICE NUMBER:  23552924

| | | | |
|---|---|---|---|
| Date of Service: 09/17/2008 | | 09/22/2008 Insurance billed | |
| Provider: Donald J Damico MD | | 09/25/2008 Insurance re-billed | |
| Location:  Outpatient Hospital | | | |
| Diagnosis: 361.00,362.56 | | | |
| Service Performed: Repair retinal detach, cplx | $12,000.00 | | |
| CPT Code: 67113   Units: 1 | | | |
| TOTAL CHARGES | $12,000.00 | **AMOUNT DUE NOW:** | $12,000.00 |

INVOICE NUMBER:  23718865

| | | | |
|---|---|---|---|
| Date of Service: 06/26/2008 | | 10/18/2008 Insurance billed | |
| Provider: Donald J Damico MD | | | |
| Location:  Doctor's Office | | | |
| Diagnosis: 361.00 | | | |
| Referring Provider: Donald J. D'amico MD | | | |
| Service Performed: Ophthalmological services;  comprehensive, established patie | $325.00 | | |
| CPT Code: 92014   Units: 1 | | | |
| Service Performed: Special eye exam, subsequent | $150.00 | | |
| CPT Code: 92226   Units: 1 | | | |
| TOTAL CHARGES | $475.00 | **AMOUNT DUE NOW:** | $475.00 |

INVOICE NUMBER:  23718866

| | | | |
|---|---|---|---|
| Date of Service: 06/20/2008 | | 10/18/2008 Insurance billed | |
| Provider: Donald J Damico MD | | 12/04/2008 Insurance payment | $0.00 |
| Location:  Doctor's Office | | | |
| Diagnosis: 361.00,362.63,367.1 | | 12/04/2008 Insurance payment | $0.00 |
| Service Performed: Encounter documentation | $0.00 | | |
| CPT Code: G8447   Units: 1 | | | |

Weill Cornell Medical College, PO Box 27284, New York, NY 10087-7284.

8-310-3-3739816                        www.cornellphysicians.com                        Page 2

Account Number: 8-M102053942

Statement Date: 12/24/2008

Patient Name: Tiffany Halo

| SERVICES AND ASSOCIATED CHARGES | | PAYMENTS AND AMOUNT OWED BY PATIENT | |
|---|---|---|---|
| Service Performed: Ophthalmological services;  comprehensive, established patie | $325.00 | | |
| CPT Code: 92014    Units: 1 | | | |
| Service Performed: Special eye exam, subsequent | $150.00 | | |
| CPT Code: 92226    Units: 1 | | | |
| TOTAL CHARGES | $475.00 | **AMOUNT DUE NOW:** | **$475.00** |

Weill Cornell Medical College, PO Box 27284, New York, NY 10087-7284.

8-310-3-3739816                           www.cornellphysicians.com                           Page 3



**Weill Cornell Physicians**

575 Lexington Ave - Suite 540
New York, NY 10022

| Statement Date | Account ___ar | Amount Due | AMOUNT ENCLOSED |
|---|---|---|---|
| 06/24/2008 | 8-M102o53942<br>5971 | $4,575.00 | $ |

IF PAYING BY CREDIT CARD PLEASE INDICATE
TYPE OF CARD BEING USED FOR PAYMENT

☐ Visa    ☐ MasterCard    ☐ Discover    ☐ American Express

CARD NUMBER

SIGNATURE                                      EXP. DATE        /

**RETURN SERVICE REQUESTED**

080102053942597100045750006240B8

013249 1 MB 0.369
CANDACE HALO
79 HENNING TERRACE
DENVILLE NJ  07834-3716

1013249

**MAKE CHECKS PAYABLE AND MAIL TO:**

**Weill Cornell Medical College**
PO Box 27284
New York, NY 10087-7284

---

DETACH AND RETURN TOP PORTION WITH YOUR PAYMENT. IF ADDRESS OR INSURANCE INFORMATION IS INCORRECT PLEASE INDICATE CHANGE(S) ON REVERSE SIDE.

### Weill Cornell Physician Organization At New York Weill Cornell Medical Center
### Department Of Ophthalmology
## STATEMENT OF PROFESSIONAL SERVICES

Account Number: 8-M102053942
GUARANTOR: Candace Halo
PATIENT: Tiffany Halo

Tax Identification: 13-1623978

Invoices Listed as of June 24, 2008
If you have questions about your account
Please call 212-590-5710

| SUMMARY | |
|---|---|
| **TOTAL AMOUNT DUE FROM PATIENT OR RESPONSIBLE PARTY AS OF 06/24/2008** | **$4,575.00** |

**An Important Message Regarding Your Account**

Prompt payment is appreciated. Thank you.

| SERVICES AND ASSOCIATED CHARGES | PAYMENTS AND AMOUNT OWED BY PATIENT |
|---|---|

INVOICE NUMBER:  23059834

Date of Service: 06/18/2008
Provider: Donald J Damico MD
Location:  Doctor's Office
Diagnosis: 361.00,362.63,367.1
Referring Provider: Donald D'amico MD
Service Performed: Ophthalmological
services;  comprehensive, established
patie                                                                     $325.00
CPT Code: 92014    Units: 1
Service Performed: Special eye exam,
subsequent                                                              $150.00
CPT Code: 92226    Units: 1
TOTAL CHARGES                                                       $475.00

06/19/2008 Insurance billed

**AMOUNT DUE NOW:**                                        **$475.00**

INVOICE NUMBER:  23067928

Date of Service: 06/17/2008
Provider: Donald J Damico MD
Location:  Doctor's Office
Diagnosis: 361.00,362.63,365.22
Referring Provider: Donald D'amico MD
Service Performed: Ophthalmological
services; comprehensive, new patient          $400.00
CPT Code: 92004    Units: 1

06/22/2008 Insurance billed

---

8-304-3-3112003

Weill Cornell Medical College, PO Box 27284, New York, NY 10087-7284.
www.cornellphysicians.com

CPP2

Case 3:10-cv-01949-VLB   Document 1   Filed 12/13/10   Page 35 of 46

| Patient Name: | Tiffany Halo | | Gurantor Name: | Candace Halo | |
|---|---|---|---|---|---|
| Address: | 79 Henning Terrace | | Address: | 79 Henning Terrace | |
| City, State, Zip: | Denville, NJ 07834 | | | | |
| Home Telephone: | 973-343-2924 | | City, State, Zip: | Denville, NJ 07834 | |
| Date Of Birth: | | | Home Telephone: | 973-343-2924 | |
| Primary Ins. Co.: | COMMERCIAL MISC | | Secondary Ins. Co.: | BLUE CHOICE PPO | |
| Address: | 55 WHITNEY AVENUE | | Address: | POB 3877 | |
| City, State, Zip: | NEW HAVEN,CT 06520 | | City, State, Zip: | NEW YORK,NY 10008-1407 | |
| Telephone: | 203-432-7397 | | Telephone: | 800-992-2583 | |
| Group/Plan: | YHP | | Group/Plan: | 9000-00/PPO | |
| Policy Id#: | 00158293 | | Policy Id#: | YHA146560169 | |
| Subscriber: | | | Subscriber: | Candace Halo | |
| Date Of Birth: | | | Date Of Birth: | | |
| Rel. To Insured: | | | Rel. To Insured: | DEP CHILD | |

| SERVICES AND ASSOCIATED CHARGES | | PAYMENTS AND AMOUNT OWED BY PATIENT | |
|---|---|---|---|
| Service Performed: Special eye exam, initial | $200.00 | | |
| CPT Code: 92225   Units: 1 | | | |
| Service Performed: Aspiration or release of vitreous subretinal or choroidal fl | $3,500.00 | | |
| CPT Code: 67015   Units: 1 | | | |
| TOTAL CHARGES | $4,100.00 | **AMOUNT DUE NOW:** | $4,100.00 |



# Weill Cornell Physicians

575 Lexington Ave - Suite 540
New York, NY 10022

| Statement Date | Account Number | Amount Due | AMOUNT ENCLOSED |
|---|---|---|---|
| 12/24/2008 | 8-M102053942 5971 | $25,100.00 | $ |

**IF PAYING BY CREDIT CARD PLEASE INDICATE TYPE OF CARD BEING USED FOR PAYMENT**

☐ Visa   ☐ MasterCard   ☐ Discover   ☐ American Express

CARD NUMBER

SIGNATURE                                    EXP. DATE        /

## RETURN SERVICE REQUESTED

0801020539425971002510000122408 9

IlluuluuluuluuluuluuluuluuII

013770 1 MB 0.369
CANDACE HALO
79 HENNING TERRACE
DENVILLE NJ  07834-3716

1013770

### MAKE CHECKS PAYABLE AND MAIL TO:

**Weill Cornell Medical College**
PO Box 27284
New York, NY 10087-7284

---

DETACH AND RETURN TOP PORTION WITH YOUR PAYMENT. IF ADDRESS OR INSURANCE INFORMATION IS INCORRECT PLEASE INDICATE CHANGE(S) ON REVERSE SIDE.

**Weill Cornell Physician Organization At New York Weill Cornell Medical Center**
**Department Of Ophthalmology**

# STATEMENT OF PROFESSIONAL SERVICES

Account Number: 8-M102053942          Tax Identification: 13-1623978          Invoices Listed as of December 24, 2008
GUARANTOR: Candace Halo                                                      If you have questions about your account
PATIENT: Tiffany Halo                                                        Please call 212-590-5710

| SUMMARY |
|---|
| **TOTAL AMOUNT DUE FROM PATIENT OR RESPONSIBLE PARTY AS OF 12/24/2008**                    $25,100.00 |

### An Important Message Regarding Your Account

Please remit payment in full.  If you have any questions, please contact our office at the telephone number shown above. Thank you.

| SERVICES AND ASSOCIATED CHARGES | PAYMENTS AND AMOUNT OWED BY PATIENT |
|---|---|

**INVOICE NUMBER:  23325979**

| | |
|---|---|
| Date of Service: 08/05/2008 | 08/07/2008 Insurance billed |
| Provider: Donald J Damico MD | 09/02/2008 Insurance re-billed |
| Location:  Doctor's Office | 10/03/2008 Insurance payment          $0.00 |
| Diagnosis: 361.00,362.56,366.20 | |
| Service Performed: Postop follow-up visit          $0.00 | 10/13/2008 Insurance payment          $0.00 |
| CPT Code: 99024    Units: 1 | |
| Service Performed: Special eye exam, subsequent          $150.00 | 10/24/2008 Insurance payment          $0.00 |
| CPT Code: 92226    Units: 1 | |
| Service Performed: Encounter documentation          $0.00 | |
| CPT Code: G8447    Units: 1 | |
| TOTAL CHARGES          $150.00 | **AMOUNT DUE NOW:**          **$150.00** |

**INVOICE NUMBER:  23457862**

| | |
|---|---|
| Date of Service: 08/13/2008 | 09/02/2008 Insurance billed |
| Provider: Donald J Damico MD | 09/09/2008 Insurance re-billed |
| Location:  Outpatient Hospital | 09/10/2008 Patient payment          $5,000.00 |
| Diagnosis: 361.00,362.56 | |
| Service Performed: Repair retinal detach, cplx          $12,000.00 | 10/13/2008 Insurance payment          $0.00 |

Account Number: 8-M102053942                                        Statement Date: 12/24/2008
Patient Name: Tiffany Halo

| SERVICES AND ASSOCIATED CHARGES | | PAYMENTS AND AMOUNT OWED BY PATIENT | |
|---|---|---|---|
| Service Performed: Ophthalmological services;  comprehensive, established patie | $325.00 | | |
| CPT Code: 92014    Units: 1 | | | |
| Service Performed: Special eye exam, subsequent | $150.00 | | |
| CPT Code: 92226    Units: 1 | | | |
| TOTAL CHARGES | $475.00 | **AMOUNT DUE NOW:** | **$475.00** |

Weill Cornell Medical College, PO Box 27284, New York, NY 10087-7284.

8-310-3-3739816                                    www.cornellphysicians.com                                    Page 3



# Weill Cornell Physicians

575 Lexington Ave - Suite 540
New York, NY 10022

| Statement Date | Account Number | Amount Due | AMOUNT ENCLOSED |
|---|---|---|---|
| 06/24/2008 | 8-M102053942 5971 | $4,575.00 | $ |

IF PAYING BY CREDIT CARD PLEASE INDICATE
TYPE OF CARD BEING USED FOR PAYMENT

☐ Visa    ☐ MasterCard    ☐ Discover    ☐ American Express

CARD NUMBER

SIGNATURE                                          EXP. DATE

## RETURN SERVICE REQUESTED

08010205394259710004575000624088

Illlmluluul.luuluulul...ll.uluull.lulll

013249 1 MB 0.369
CANDACE HALO
79 HENNING TERRACE
DENVILLE NJ  07834-3716

1013249

*MAKE CHECKS PAYABLE AND MAIL TO:*

**Weill Cornell Medical College**
PO Box 27284
New York, NY 10087-7284
IuIIIlIuIuIuIuluIuIuIIuIuIuIuIu

---

DETACH AND RETURN TOP PORTION WITH YOUR PAYMENT. IF ADDRESS OR INSURANCE INFORMATION IS INCORRECT PLEASE INDICATE CHANGE(S) ON REVERSE SIDE.

**Weill Cornell Physician Organization At New York Weill Cornell Medical Center**
**Department Of Ophthalmology**
## STATEMENT OF PROFESSIONAL SERVICES

Account Number: 8-M102053942         Tax Identification: 13-1623978         Invoices Listed as of June 24, 2008
GUARANTOR: Candace Halo                                                     If you have questions about your account
PATIENT: Tiffany Halo                                                       Please call 212-590-5710

| SUMMARY | |
|---|---|
| **TOTAL AMOUNT DUE FROM PATIENT OR RESPONSIBLE PARTY AS OF 06/24/2008** | **$4,575.00** |

### An Important Message Regarding Your Account

Prompt payment is appreciated. Thank you.

| SERVICES AND ASSOCIATED CHARGES | PAYMENTS AND AMOUNT OWED BY PATIENT |
|---|---|

| | | |
|---|---|---|
| INVOICE NUMBER: 23059834 | | |
| Date of Service: 06/18/2008 | | 06/19/2008 Insurance billed |
| Provider: Donald J Damico MD | | |
| Location:  Doctor's Office | | |
| Diagnosis: 361.00,362.63,367.1 | | |
| Referring Provider: Donald D'amico MD | | |
| Service Performed: Ophthalmological services;  comprehensive, established patie | $325.00 | |
| CPT Code: 92014    Units: 1 | | |
| Service Performed: Special eye exam, subsequent | $150.00 | |
| CPT Code: 92226    Units: 1 | | |
| TOTAL CHARGES | $475.00 | **AMOUNT DUE NOW:**   $475.00 |

| | | |
|---|---|---|
| INVOICE NUMBER: 23067928 | | |
| Date of Service: 06/17/2008 | | 06/22/2008 Insurance billed |
| Provider: Donald J Damico MD | | |
| Location:  Doctor's Office | | |
| Diagnosis: 361.00,362.63,365.22 | | |
| Referring Provider: Donald D'amico MD | | |
| Service Performed: Ophthalmological services; comprehensive, new patient | $400.00 | |
| CPT Code: 92004    Units: 1 | | |



**Weill Cornell Physicians**

525 East 68 St  Box 585
New York, NY 10021

| Statement Date | Account Number | Amount Due | AMOUNT ENCLOSED |
|---|---|---|---|
| 12/24/2008 | 4-M102053942 | **$3,750.00** | $ |

IF PAYING BY CREDIT CARD PLEASE INDICATE
TYPE OF CARD BEING USED FOR PAYMENT

☐ Visa    ☐ MasterCard    ☐ Discover    ☐ American Express

CARD NUMBER

SIGNATURE                                    EXP. DATE      /

**RETURN SERVICE REQUESTED**

0401020539420000000375000122408︎1

IIIₗₗₗ.ₗₗ.Iₗ.ₗₗₗ.Iₗ.Iₗ.ₗₗₗ.ₗₗₗ.IₗₗₗₗₗₗₗₗₗₗₗₗI

013769 1 MB 0.369
CANDACE HALO
79 HENNING TERRACE
DENVILLE NJ 07834-3716

1013769

*MAKE CHECKS PAYABLE AND MAIL TO:*

**Weill Cornell Medical College**
PO Box 27284
New York, NY 10087-7284

IₗₗIIIₗₗ.Iₗₗ.ₗₗ.Iₗ.ₗₗ.ₗ.IₗₗₗₗIₗₗ.IₗI

---

DETACH AND RETURN TOP PORTION WITH YOUR PAYMENT. IF ADDRESS OR INSURANCE INFORMATION IS INCORRECT PLEASE INDICATE CHANGE(S) ON REVERSE SIDE.

**Weill Cornell Physician Organization At New York Weill Cornell Medical Center**

**Weill Cornell Anesthesiology Associ**

## STATEMENT OF PROFESSIONAL SERVICES

Account Number: 4-M102053942
GUARANTOR: Candace Halo
PATIENT: Tiffany Halo

Tax Identification: 13-1623978

Invoices Listed as of December 24, 2008
If you have questions about your account
Please call **212-590-5710**

| SUMMARY | |
|---|---|
| **TOTAL AMOUNT DUE FROM PATIENT OR RESPONSIBLE PARTY AS OF 12/24/2008** | **$3,750.00** |

**An Important Message Regarding Your Account**

Please remit payment in full.  If you have any questions, please contact our office at the telephone number shown above.
Thank you.

| SERVICES AND ASSOCIATED CHARGES | PAYMENTS AND AMOUNT OWED BY PATIENT |
|---|---|

**INVOICE NUMBER:  23402049**

| | | |
|---|---|---|
| Date of Service: 08/13/2008 | 08/21/2008 Insurance billed | |
| Provider: Liebert Turner MD | 09/02/2008 Insurance re-billed | |
| Location:  Outpatient Hospital | 10/28/2008 Insurance payment | $0.00 |
| Diagnosis: 361.9,362.54 | | |
| Referring Provider: Donald J. D'amico MD | | |
| Service Performed: Removal of lens material;  $1,800.00 | | |
| CPT Code: 00142    Units: 87Minutes | | |
| TOTAL CHARGES             $1,800.00 | **AMOUNT DUE NOW:** | **$1,800.00** |

**INVOICE NUMBER:  23600286**

| | | |
|---|---|---|
| Date of Service: 09/17/2008 | 09/28/2008 Insurance billed | $0.00 |
| Provider: Liebert Turner MD | 10/28/2008 Insurance payment | $0.00 |
| Location:  Outpatient Hospital | | |
| Diagnosis: 362.54 | 12/01/2008 Insurance payment | $0.00 |
| Referring Provider: Donald J. D'amico MD | | |
| Service Performed: Anesthesia for vitreoretinal surgery  $1,950.00 | | |
| CPT Code: 00145    Units: 93Minutes | | |
| TOTAL CHARGES             $1,950.00 | **AMOUNT DUE NOW:** | **$1,950.00** |

---

Weill Cornell Medical College, PO Box 27284, New York, NY 10087-7284.

4-310-3-3737243                    www.cornellphysicians.com                    CPP2

Page 1


Weill Cornell Medical College
Physician Organization

Weill Cornell Physician Organization Business Office                    **Tel:  (212) 590-5710**
575 Lexington Ave, Suite 540
New York, NY 10022

January 8, 2009

Re:TIFFANY HALO
Mrn#:4-M-102053942
Account Balance:$3,750.00

CANDACE HALO
79 HENNING TERRACE
DENVILLE, NJ 07834

Dear CANDACE HALO,

Your account with  Cornell Anesthesiology Associates at Weill Cornell Medical College is past due. Our records indicate an
unpaid balance for the following provider(s):

| <u>Provider Name</u> | <u>Balance</u> |
|---|---|
| LIEBERT TURNER MD | $3,750.00 |

Please indicate your method of payment.

        (   ) Enclosed is payment in full.
        (   ) Credit Card authorization for full payment is enclosed.
        (   ) I am unable to make full payment at this time. Enclosed is $1,875.00 or 50% of the total balance due. I understand I am
             obligated to pay the additional past due balance. This is not an agreed settlement payment.

If you have questions regarding your balance, please contact one of our account representatives at **(212) 590-5710**.  If payment has been
made, please disregard this letter.

Sincerely,

Cornell Anesthesiology Associates
Physician Organization Business Office
Weill Cornell Medical College

— — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — —
RE: TIFFANY HALO
Account#: 4-M-102053942
Balance Due: $3,750.00

Please make check payable to Weill Cornell Medical College and include your account number.  You may also charge the
above balance to your ___ Visa ___Mastercard ___American Express or ___Discover card (check one).

Card #:_____ Expiration Date:_____

Authorized Signature:_____
Please return this portion of the letter with your payment.

**NewYork-Presbyterian**
The University Hospital of Columbia and Cornell
PO BOX 3475; TOLEDO, OH 43607-0475

| PATIENT NAME | ACCOUNT NUMBER |
|---|---|
| HALO TIFFANY | SG30477 - BTNMM4 |

| STATEMENT DATE | ACCOUNT BALANCE | AMOUNT PAID: |
|---|---|---|
| 09/29/08 | $401.36 | $ |

**Choose Method of Payment: (check one box)**

☐ MasterCard  ☐ Visa  ☐ American Express  ☐ Check

Card Holder Name ___  Signature ___

Credit Card # ___  Expiration Date ___  CVV Code ___

REF # 08082153750   MRN # 8849481                    NYPSTM

0808215375000000040136OA

**INSURANCE INFORMATION**

0101

142 01
TIFFANY HALO
79 HENNING TER
DENVILLE, NJ 07834-3716

Please Remit Payments To:
NEWYORK-PRESBYTERIAN HOSPITAL
P.O. BOX 9305 GPO
NEW YORK, NY 10087-9305

080821537500000040136OA

☐ Please check box if above address is incorrect or insurance information has changed, and indicate change(s) on reverse side.

Please detach and return top portion with your payment

| Patient Name | Account Number | Date(s) of Service | Account Balance |
|---|---|---|---|
| HALO, TIFFANY | SG30477 - BTNMM4 | 08/13/08 | $401.36 |

**STATEMENT DETAILS**

| Date | Description | Code | Charge Amount | Transaction Amount |
|---|---|---|---|---|

**INVOICE**

REF # 0808215375   AMBULATORY SURGERY
CHARGES/TRANSACTIONS

| 08/26/08 | BILLED 7269.72 TO SELF-PAY | | | 7,269.72 |
| 08/26/08 | NYS SURCHARGE | | | 650.64 |
| 08/26/08 | SELF-PAY PAYMENT REGID=BTNMM4 | | | -7,519.00 |
| 08/26/08 | SELF-PAY ALLOWANCE | | | 0.00 |
| | **Your Account Balance** | | | **$401.36** |

*IF YOU ARE EXPERIENCING FINANCIAL HARDSHIP AND ARE UNABLE TO PAY THIS BILL, CHARITY/FINANCIAL AID MAY BE AVAILABLE IF YOU QUALIFY.  PLEASE CONTACT US TOLL-FREE AT 866-252-0101 TO OBTAIN INFORMATION ABOUT CHARITY CARE/FINANCIAL AID AND HOW TO APPLY FOR IT.*

*THIS STATEMENT IS FOR HOSPITAL SERVICES ONLY. YOU MAY RECEIVE SEPARATE STATEMENTS FOR PHYSICIAN SERVICES.*

**Get more information concerning your bill, update your personal information, or pay your bill online at www.nyp.org/billing.**

**MESSAGE**

THE AMOUNT SHOWN REPRESENTS YOUR ACCOUNT BALANCE FOR SERVICES RENDERED. IF YOU HAVE ANY QUESTIONS OR ADDITIONAL INSURANCE INFORMATION, PLEASE CONTRACT OUR REPRESENTATIVE AT THE NUMBER LISTED BELOW.

NEWYORK-PRESBYTERIAN HOSPITAL
P.O. BOX 9305 GPO
NEW YORK, NY 10087-9305
TAX-ID: 131624190

Tel:  1-866-252-0101
MON.-THURS.: 8AM - 9PM
FRI.: 8AM - 5PM
SAT.(excl. hol.): 9AM - NOON

PHYS: D'AMICO, DONALD JOSEPH
Dx: 361.89
VISIT US AT: http://www.nyp.org

332-NYPSTM-190025-273905718-P; 722345-1-142; 30063539-1; 142          Page: 1 of 1

# NewYork-Presbyterian
The University Hospital of Columbia and Cornell
PO BOX 3475, TOLEDO, OH 43607-0475

| PATIENT NAME | ACCOUNT NUMBER |
|---|---|
| HALO, TIFFANY | SG30477 - BTDT98 |

| STATEMENT DATE | ACCOUNT BALANCE | AMOUNT PAID: |
|---|---|---|
| 09/01/08 | $480.90 | $ |

**Choose Method of Payment: (check one box)**

☐ MasterCard ☐ VISA ☐ American Express ☐ Check

Card Holder Name _____ Signature _____

Credit Card # _____

Expiration Date _____ CVV Code _____

0806220987000000048090OA

## INSURANCE INFORMATION

0101

REF # 0806220987O   MRN # 8849481   NYPSTM

240 01
TIFFANY HALO
79 HENNING TER
DENVILLE, NJ 07834-3716

Please Remit Payments To:
NEWYORK-PRESBYTERIAN HOSPITAL
P.O. BOX 9305 GPO
NEW YORK, NY 10087-9305

0806220987000000480900A

⌐☐ Please check box if above address is incorrect or insurance
information has changed, and indicate change(s) on reverse side.

Please detach and return top portion with your payment

| Patient Name | Account Number | Date(s) of Service | Account Balance |
|---|---|---|---|
| HALO, TIFFANY | SG30477 - BTDT98 | 06/17/08 | $480.90 |

**STATEMENT DETAILS**

| Date | Description | Code | Charge Amount | Transaction Amount |
|---|---|---|---|---|
| | **INVOICE** | | | |
| REF # 0806220987 | REFERRED AMBULATORY CHARGES/TRANSACTIONS | | | |
| 06/26/08 | BILLED 480.90 TO SELF-PAY | | | 480.90 |
| | **Your Account Balance** | | | $480.90 |

*IF YOU ARE EXPERIENCING FINANCIAL HARDSHIP AND ARE UNABLE TO PAY THIS BILL, CHARITY/FINANCIAL AID MAY BE AVAILABLE IF YOU QUALIFY. PLEASE CONTACT US TOLL-FREE AT 866-252-0101 TO OBTAIN INFORMATION ABOUT CHARITY CARE/FINANCIAL AID AND HOW TO APPLY FOR IT.*

*THIS STATEMENT IS FOR HOSPITAL SERVICES ONLY. YOU MAY RECEIVE SEPARATE STATEMENTS FOR PHYSICIAN SERVICES.*

**Get more information concerning your bill, update your personal information, or pay your bill online at www.nyp.org/billing.**

## MESSAGE

WE HAVE NOT HEARD FROM YOU IN RESPONSE TO OUR PRIOR STATEMENTS. PLEASE REMIT THE AMOUNT DUE. IF YOU HAVE QUESTIONS ABOUT YOUR OBLIGATION TO PAY THAT AMOUNT, YOU MAY CONTACT A BILLING REPRESENTATIVE AT THE NUMBER LISTED BELOW.

| | | |
|---|---|---|
| NEWYORK-PRESBYTERIAN HOSPITAL<br>P.O. BOX 9305 GPO<br>NEW YORK, NY 10087-9305<br>TAX-ID: 131624190 | Tel:  1-866-252-0101<br>MON.-THURS.: 8AM - 9PM<br>FRI.: 8AM - 5PM<br>SAT.(excl. hol.): 9AM - NOON | PHYS: D'AMICO, DONALD JOSEPH<br>Dx: 361.00<br>VISIT US AT: http://www.nyp.org |



## Weill Cornell Physicians

525 East 68 St  Box 585
New York, NY 10021

| Statement Date | Account Number | Amount Due | AMOUNT ENCLOSED |
|---|---|---|---|
| 03/24/2009 | 4-M102053942 | **$1,625.00** | $ |

IF PAYING BY CREDIT CARD PLEASE INDICATE
TYPE OF CARD BEING USED FOR PAYMENT

☐ Visa  ☐ MasterCard  ☐ Discover  ☐ American Express

CARD NUMBER

SIGNATURE                                         EXP. DATE        /

### RETURN SERVICE REQUESTED

0401020539420000000162500032 4098

014488 1 MB 0.369
CANDACE HALO
79 HENNING TERRACE
DENVILLE NJ  07834-3716

1014488

*MAKE CHECKS PAYABLE AND MAIL TO:*

**Weill Cornell Medical College**
PO Box 27284
New York, NY 10087-7284

---

DETACH AND RETURN TOP PORTION WITH YOUR PAYMENT. IF ADDRESS OR INSURANCE INFORMATION IS INCORRECT PLEASE INDICATE CHANGE(S) ON REVERSE SIDE.

**Weill Cornell Physician Organization At New York Weill Cornell Medical Center**
**Weill Cornell Anesthesiology Associ**

## STATEMENT OF PROFESSIONAL SERVICES

Account Number: 4-M102053942          Tax Identification: 13-1623978          Invoices Listed as of March 24, 2009
GUARANTOR: Candace Halo                                                        If you have questions about your account
PATIENT: Tiffany Halo                                                          Please call 212-590-5710

| SUMMARY | |
|---|---|
| **TOTAL AMOUNT DUE FROM PATIENT OR RESPONSIBLE PARTY AS OF 03/24/2009** | **$1,625.00** |

**An Important Message Regarding Your Account**

Prompt payment is appreciated. Thank you.

| SERVICES AND ASSOCIATED CHARGES | PAYMENTS AND AMOUNT OWED BY PATIENT |
|---|---|

**INVOICE NUMBER:  23402049**

| | | |
|---|---|---|
| Date of Service: 08/13/2008 | 08/21/2008 Insurance billed | |
| Provider: Liebert Turner MD | 09/02/2008 Insurance re-billed | |
| Location:  Outpatient Hospital | 10/28/2008 Insurance payment | $0.00 |
| Diagnosis: 361.9,362.54 | | |
| Referring Provider: Donald J. D'amico MD | 03/13/2009 Account settled | $712.50 |
| Service Performed: Removal of lens    $1,800.00 | | |
| material; | | |
| CPT Code: 00142    Units: 87Minutes | | |
| TOTAL CHARGES    $1,800.00 | **AMOUNT DUE NOW:** | **$1,087.50** |

**INVOICE NUMBER:  23600286**

| | | |
|---|---|---|
| Date of Service: 09/17/2008 | 09/28/2008 Insurance billed | |
| Provider: Liebert Turner MD | 10/28/2008 Insurance payment | $0.00 |
| Location:  Outpatient Hospital | | |
| Diagnosis: 362.54 | 12/01/2008 Insurance payment | $0.00 |
| Referring Provider: Donald J. D'amico MD | | |
| Service Performed: Anesthesia for    $1,950.00 | 03/13/2009 Account settled | $600.00 |
| vitreoretinal surgery | | |
| CPT Code: 00145    Units: 93Minutes | 03/13/2009 Patient payment | $812.50 |
| | | |
| TOTAL CHARGES    $1,950.00 | **AMOUNT DUE NOW:** | **$537.50** |

**PLEASE MAKE CORRECTIONS AND RETURN IN THE ENCLOSED ENVELOPE OR CALL 212-590-5710**

| Patient Name: | Tiffany Halo | | Gurantor Name: | Candace Halo |
|---|---|---|---|---|
| Address: | 79 Henning Terrace | | Address: | 79 Henning Terrace |
| City, State, Zip: | Denville, NJ 07834 | | | |
| Home Telephone: | 973-343-2924 | | City, State, Zip: | Denville, NJ 07834 |
| Date Of Birth: | | | Home Telephone: | 973-343-2924 |

| Primary Ins. Co.: | BLUE CHOICE PPO | | Secondary Ins. Co.: | |
|---|---|---|---|---|
| Address: | POB 3877 | | Address: | |
| City, State, Zip: | NEW YORK,NY 10008-1407 | | City, State, Zip: | |
| Telephone: | 800-992-2583 | | Telephone: | |
| Group/Plan: | 9000-00/PPO | | Group/Plan: | |
| Policy Id#: | NJX3HZN36996850 | | Policy Id#: | |
| Subscriber: | | | Subscriber: | |
| Date Of Birth: | | | Date Of Birth: | |
| Rel. To Insured: | SELF | | Rel. To Insured: | |

Weill Cornell Medical College, PO Box 27284, New York, NY 10087-7284.
www.cornellphysicians.com

**NewYork-Presbyterian**
The University Hospital of Columbia and Cornell
PO BOX 3475, TOLEDO, OH 43607-0475

| PATIENT NAME | ACCOUNT NUMBER |
|---|---|
| HALO, TIFFANY | SG30477 - BTS838 |

| STATEMENT DATE | ACCOUNT BALANCE | AMOUNT PAID: |
|---|---|---|
| 10/10/08 | $150.54 | $ |

**Choose Method of Payment: (check one box)**

☐ MasterCard   ☐ Visa   ☐ American Express   ☐ Check

Card Holder Name _____   Signature _____

Credit Card # _____   Expiration Date _____   CVV Code _____

REF # 08100594600   MRN # 8849481          NYPSTM

0810059460000000015054OA

**INSURANCE INFORMATION**

0101

155 01
TIFFANY HALO
79 HENNING TER
DENVILLE, NJ 07834-3716

Please Remit Payments To:

NEWYORK-PRESBYTERIAN HOSPITAL
P.O. BOX 9305 GPO
NEW YORK, NY 10087-9305

08100594600000000150540A

---

☐ Please check box if above address is incorrect or insurance information has changed, and indicate change(s) on reverse side.

Please detach and return top portion with your payment

| Patient Name | Account Number | Date(s) of Service | Account Balance |
|---|---|---|---|
| HALO, TIFFANY | SG30477 - BTS838 | 09/17/08 | $150.54 |

**STATEMENT DETAILS**

| Date | Description | Code | Charge Amount | Transaction Amount |
|---|---|---|---|---|
| | ON/ACCOUNT ACTIVITY | | | |
| 09/18/08 | SELF-PAY PAYMENT REGID=BTS838 | | | -7,519.00 |
| 10/07/08 | SELF-PAY PAYMENT APPLIED | | | 7,519.00 |
| | **INVOICE** | | | |
| REF # 0810059460 | AMBULATORY SURGERY CHARGES/TRANSACTIONS | | | |
| 10/07/08 | BILLED 7039.50 TO SELF-PAY | | | 7,039.50 |
| 10/07/08 | NYS SURCHARGE | | | 630.04 |
| 10/07/08 | SELF-PAY PAYMENT REGID=BTS838 | | | -7,519.00 |
| 10/07/08 | SELF-PAY ALLOWANCE | | | 0.00 |
| | **Your Account Balance** | | | **$150.54** |

**IF YOU ARE EXPERIENCING FINANCIAL HARDSHIP AND ARE UNABLE TO PAY THIS BILL, CHARITY/FINANCIAL AID MAY BE AVAILABLE IF YOU QUALIFY.  PLEASE CONTACT US TOLL-FREE AT 866-252-0101 TO OBTAIN INFORMATION ABOUT CHARITY CARE/FINANCIAL AID AND HOW TO APPLY FOR IT.**

**THIS STATEMENT IS FOR HOSPITAL SERVICES ONLY. YOU MAY RECEIVE SEPARATE STATEMENTS FOR PHYSICIAN SERVICES.**

Get more information concerning your bill, update your personal information, or pay your bill online at www.nyp.org/billing.

**MESSAGE**

THE AMOUNT SHOWN REPRESENTS YOUR ACCOUNT BALANCE FOR SERVICES RENDERED. IF YOU HAVE ANY QUESTIONS OR ADDITIONAL INSURANCE INFORMATION, PLEASE CONTRACT OUR REPRESENTATIVE AT THE NUMBER LISTED BELOW.

| | | |
|---|---|---|
| NEWYORK-PRESBYTERIAN HOSPITAL<br>P.O. BOX 9305 GPO<br>NEW YORK, NY 10087-9305<br>TAX-ID: 131624190 | Tel:  1-866-252-0101<br>MON.-THURS.: 8AM - 9PM<br>FRI.: 8AM - 5PM<br>SAT.(excl. hol.): 9AM - NOON | PHYS: D'AMICO, DONALD JOSEPH<br>Dx: 361.89<br>VISIT US AT: http://www.nyp.org |

# NewYork-Presbyterian
The University Hospital of Columbia and Cornell

## Patient Payment Receipt

**Terminal Operator:** ifill, sharon (# 343)
**Transaction Date:** Sep 17 2008 6:53AM
**Batch #:** 38218

## Payment Information

### Charges

| Patient | AR Number | Date of Service | Service Code | Amount Due | Payment |
|---|---|---|---|---|---|
| Tiffany Halo (MR: 08849481) | | | | | |
| 79 Henning Terrace, Denville, NJ 07834 | | | | | |
| | 406062913 | 09/17/2008 | AASURG | $ 7,519.00 | $ 7,519.00 |

**Total Paid:** $ 7,519.00

**Payment Method:** Credit Card
**Card Number:** **** **** **** 7678
**Cardholder's Name:** Hal Halo
**Authorization Code:** 44905C
**Signature:** X_____

*Itemized Bill   (Billing Dept*
*212-297-4545*