UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TIFFANY L. HALO | : | |
| | : | |
|    Plaintiff | : | CIVIL ACTION NO.: |
| | : | 3:10 cv 01949 (VLB) |
| vs. | : | |
| | : | |
| YALE HEALTH PLAN | : | |
| | : | |
|    Defendant | : | FEBRUARY 17, 2011 |

## ANSWER

Defendant, Yale Health Plan, hereby responds to plaintiff's complaint, dated December 13, 2010, as follows:

Defendant, Yale Health Plan, denies all of the material allegations of the complaint, except to admit the following:

1.  The plaintiff, Tiffany Halo, was a graduate student in the Department of Chemistry at Yale University in 2008 and was enrolled in the Yale Health Plan.

2.  The terms and conditions of coverage pursuant to the Yale Health Plan are contained in a written Plan, which is described in the Student Handbook.

3.  Generally speaking, the cost of medical care provided to a member of the Yale Health Plan must be provided through the Yale Health Plan and its

network of providers in order for there to be coverage through the Yale Health Plan, except for emergency medical conditions when it is impossible for a member of the Yale Health Plan to seek medical attention through the Yale Health Plan network.

4. On May 31, 2008 the plaintiff presented to the Yale Health Plan Urgent Care Department and was diagnosed with a medical condition in her retina. From that point until June 16, 2008, plaintiff received medical care for this problem through the Yale Health Plan network.

5. On June 16, 2008 the plaintiff made a telephonic request for a referral to an out-of-network physician for a second opinion. Less than 24 hours later Dr. Susan Forster, the Chief of Ophthalmology at the Yale Health Plan, approved the referral for a second opinion over the telephone.

6. During the telephone conversation on June 17, 2008, Dr. Forster informed the plaintiff that she would need to consult with the Yale Health Plan if she wished to have any treatment out-of-network, following the second opinion.

7. The plaintiff then sought a second opinion with Dr. Donald D'Amico at Cornell Medical School in New York. Dr. D'Amico recommended the same procedure which had been recommended by the in-network ophthalmologist the plaintiff had seen through the Yale Health Plan.

8. The plaintiff did not make arrangements to have the surgical procedure which had been recommended both by the Yale Health Plan and by

**Dr. D'Amico performed through the Yale Health Plan.  She also did not request pre-authorization from the Yale Health Plan to have the procedure performed out-of-network.**

**9.     The plaintiff, without informing the Yale Health Plan of her intention to do so, elected to have the surgery performed by Dr. D'Amico at the Cornell Medical School..  Since the plaintiff had not sought prior authorization for that procedure, the Yale Health Plan initially declined coverage for that surgery.**

**10.     After the plaintiff filed an appeal of the denial of coverage for the June 17, 2008 surgery with Dr. D'Amico, The Yale Health Plan ultimately concluded that it could be justified on the basis of "emergency surgery" and therefore approved the surgery even though no prior authorization had been requested.  Accordingly, plaintiff was reimbursed for the cost of that surgery and the follow-up visit with Dr. D'Amico on June 18, 2008.**

**11.     On August 5, 2008 Dr. D'Amico recommended to the plaintiff that she undergo yet another elective surgery on August 13, 2008.  The plaintiff decided to have Dr. D'Amico perform this surgery, even though it was out-of-network, without informing the defendant in advance.**

**12.     Once she learned of the plaintiff's plan to have out-of-network surgery on August 13, 2008, Dr. Susan Forster contacted the plaintiff by telephone on August 11, 2008, and urged her to have the procedure performed by Dr. Ron Adelman, a retina specialist at the Yale Eye Center.  Dr. Adelman is a**

recognized retina specialist and was well qualified to perform the surgery in question. In fact, he had previously worked with Dr. D'Amico.

13. During her telephone conversation with the plaintiff on August 11, 2008, Dr. Forster informed the plaintiff of Dr. Adelman's excellent credentials and further informed her that she would not be reimbursed for the cost of the surgery if she went forward with her plan to have the surgery performed by Dr. D'Amico.

14. The plaintiff notified the Yale Health Plan that she intended to have the surgery performed by Dr. D'Amico even if she had to pay for it herself.

15. When the plaintiff checked into the hospital in New York on August 13, 2008, she presented herself as a "private pay" patient and made a substantial deposit against the prospective charges, which provides proof that she was aware that the out-of-network surgery would not be covered by the terms of her insurance plan with the Yale Health Plan.

16. Although the plaintiff never made a formal request for out-of-network coverage with respect to the August 13, 2008 surgery with Dr. D'Amico, she was aware that the August 13, 2008 surgery would not be covered by the Yale Health Plan, since an appeal was filed with respect to that surgery on September 29, 2008.

**17.** By letter dated November 6, 2008, the Yale Health Plan Claims Committee notified the plaintiff that the charges related to the August 13, 2008 surgery by Dr. D'Amico would not be covered by the Yale Health Plan.

**18.** The only charges which were not reimbursed by Yale Health Plan in connection with this matter were the charges related to Dr. D'Amico's surgery of August 13, 2008, and appointments with Dr. D'Amico thereafter. These charges were appropriately denied because they represented out-of-network services which were non-emergent and for which no advance approval was obtained by the plaintiff.

                            THE DEFENDANT,
                            YALE HEALTH PLAN

                            By:_____/s/_____
                                Patrick M. Noonan (#ct00189)
                                Donahue, Durham & Noonan, P.C.
                                741 Boston Post Road, Suite 306
                                Guilford, CT  06437
                                (203) 458-9168

## **CERTIFICATION**

**I hereby certify that, on the above-written date, a copy of the foregoing Motion for Extension of Time was filed electronically and served by mail on:**

**Tiffany L. Halo**
**79 Henning Terrace**
**Denville, NJ  07834**


                                                          _____/s/_____
                                                             **Patrick M. Noonan**

6