UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| TIFFANY L. HALO | : |
|     Plaintiff | : CIVIL ACTION NO.: |
| | : 3:10 cv 01949 (VLB) |
| vs. | : |
| | : |
| YALE HEALTH PLAN | : |
| | : |
|     Defendant | : APRIL 26, 2011 |

FORM 26(F) REPORT OF PARTIES' PLANNING MEETING

CAPTION OF CASE: Tiffany L. Halo v. Yale Health Plan

DATE COMPLAINT FILED: December 13, 2010

DATE COMPLAINT SERVED: January 21, 2011

DATE OF DEFENDANT'S APPEARANCE: January 27, 2011

PURSUANT TO FED. R. Civ. P. 16(B), 26(F) AND D. CONN. L. Civ. R. 16, A CONFERENCE WAS HELD ON MARCH 1, 2011 AND APRIL 25, 2011. THE PARTICIPANTS WERE TIFFANY L. HALO, PRO SE PLAINTIFF, HAL HALO, PLAINTIFF'S FATHER, AND PATRICK M. NOONAN, FOR THE DEFENDANT.

I.    CERTIFICATION

    Undersigned counsel for the defendant, YHP and pro se plaintiff, Tiffany Halo certify that, after consultation, they have discussed the nature and basis of the parties' claims and have developed the following proposed case management plan. Counsel for the, defendant, Yale Health Plan, further certify that they have forwarded a copy of this report to their clients.

II.   JURISDICTION

   A.  SUBJECT MATTER JURISDICTION

      The plaintiff has brought a claim under ERISA.

   B.  PERSONAL JURISDICTION

      The defendant does not contest personal jurisdiction.

III.   BRIEF DESCRIPTION OF CASE

The plaintiff received her health care through the defendant Yale Health Plan. She claims the defendant did not appropriately administer and coordinate urgent health care as required by ERISA, Section 503; Claims Procedure 20 C.F.R. Part 2560 Sec. 2560.503-1, and is seeking reimbursement from Yale Health Plan for incurred urgent care medical expenses.

   A.  CLAIMS OF PLAINTIFF:

      The plaintiff claims that because the defendant did not administer, coordinate, or provide urgent health care within a reasonable amount of time as is required for an emergency situation, they violated ERISA.

   B. DEFENSES AND CLAIMS (COUNTERCLAIMS, THIRD PARTY CLAIMS, CROSS CLAIMS) OF DEFENDANT:

The defendant contends that it appropriately declined to pay for out-of-network surgery because it was not covered pursuant to the terms of the plaintiff's health plan.

IV. COUNSEL CERTIFY THAT THEY HAVE MADE A GOOD FAITH ATTEMPT TO DETERMINE WHETHER THERE ARE ANY MATERIAL FACTS THAT ARE NOT IN DISPUTE. THE PARTIES STATE THAT THE FOLLOWING MATERIAL FACTS ARE UNDISPUTED:

1.    The plaintiff, Tiffany Halo, was a graduate student in the Department of Chemistry at Yale University in 2008 and was enrolled in the Yale Health Plan.

2.     The general terms and conditions of coverage pursuant to the Yale Health Plan are described in the Student Handbook.

3.     Generally speaking, the cost of medical care provided to a member of the Yale Health Plan must be provided through the Yale Health Plan and its network of providers in order for there to be coverage through the Yale Health Plan, except for emergency medical treatment or urgent medical care.

## V. CASE MANAGEMENT PLAN:

### A. STANDING ORDER ON SCHEDULING IN CIVIL CASES

The parties do not request modification of the deadlines in the standing order on scheduling in civil cases.

### B. SCHEDULING CONFERENCE WITH THE COURT

The parties do not request a pretrial conference with the court before entry of a scheduling order pursuant to fed. R. Clv. P. 16(b).

### C. EARLY SETTLEMENT CONFERENCE

1. The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice.

2. The plaintiff requests an early settlement conference. The defendant does not request an early settlement conference.

3. The defendant prefers a settlement conference with a magistrate judge when a settlement conference is scheduled.

4. The plaintiff requests a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16. The defendant does not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

3

E. JOINDER OF PARTIES AND AMENDMENT OR PLEADINGS

1. Plaintiff(s) should be allowed until May 1, 2011 to file motions to join additional parties and until May 1, 2011 to file motions to amend the pleadings.

2. Defendant(s) should be allowed until May 1, 2011 to file motions to join additional parties and until May 30, 2011 to file a response to the complaint.

F. DISCOVERY

1. THE PARTIES ANTICIPATE THAT DISCOVERY WILL BE NEEDED ON THE FOLLOWING SUBJECTS:

The parties anticipate that discovery will be needed on the chronology of the plaintiff's medical treatment, the extent of medical bills paid by the plaintiff personally, and the availability of physicians within the Yale Health Plan network to provide the care needed by the plaintiff.

2. ALL DISCOVERY, INCLUDING DEPOSITIONS OF EXPERT WITNESSES PURSUANT TO FED. R. Civ. P. 26(s)(4), WILL BE COMMENCED BY June 1, 2011 AND COMPLETED (NOT PROPOUNDED) BY FEBRUARY 15, 2012.

3. DISCOVERY WILL NOT BE CONDUCTED IN PHASES.

4. THE PARTIES ANTICIPATE THAT THE PLAINTIFF(S) WILL REQUIRE A TOTAL OF 4 DEPOSITIONS OF FACT WITNESSES AND THAT THE DEFENDANT(S) WILL REQUIRE A TOTAL OF 4 DEPOSITIONS OF FACT WITNESSES. THE DEPOSITIONS WILL COMMENCE BY MAY 1, 2011 AND BE COMPLETED BY FEBRUARY 15, 2012.

5. THE PARTIES WILL NOT REQUEST PERMISSION TO SERVE MORE THAN 25 INTERROGATORIES.

6. PLAINTIFF INTENDS TO CALL EXPERT WITNESSES AT TRIAL. PLAINTIFF WILL DESIGNATE ALL TRIAL EXPERTS AND PROVIDE OPPOSING COUNSEL WITH REPORTS FROM RETAINED EXPERTS PURSUANT TO FED. R. CIV. P. 26(A)(2) BY SEPTEMBER 15, 2011. DEPOSITIONS OF ANY SUCH EXPERTS WILL BE COMPLETED BY NOVEMBER 30, 2011.

7. DEFENDANT MAY CALL EXPERT WITNESSES AT TRIAL. DEFENDANT WILL

4

DESIGNATE ALL TRIAL EXPERTS AND PROVIDE OPPOSING PLAINTIFF TIFFANY HALO WITH REPORTS FROM RETAINED EXPERTS PURSUANT TO FED. R. CLV. P. 26(A)(2) BY DECEMBER 30, 2011. DEPOSITIONS OF SUCH EXPERTS WILL BE COMPLETED BY FEBRUARY 15, 2012.

8. A DAMAGES ANALYSIS WILL BE PROVIDED BY ANY PARTY WHO HAS A CLAIM OR COUNTERCLAIM FOR DAMAGES BY JUNE 1, 2011.

9. UNDERSIGNED COUNSEL FOR THE DEFENDENT YALE HEALTH PLAN AND PLAINTIFF TIFFANY HALO HAVE DISCUSSED THE DISCLOSURE AND PRESERVATION OF ELECTRONICALLY STORED INFORMATION, INCLUDING, BUT NOT LIMITED TO, THE FORM IN WHICH SUCH DATA SHALL BE PRODUCED, SEARCH TERMS TO BE APPLIED IN CONNECTION WITH THE RETRIEVAL AND PRODUCTION OF SUCH INFORMATION, THE LOCATION AND FORMAT OF ELECTRONICALLY STORED INFORMATION, APPROPRIATE STEPS TO PRESERVE ELECTRONICALLY STORED INFORMATION, AND THE ALLOCATION OF COSTS OF ASSEMBLING AND PRODUCING SUCH INFORMATION.

10. UNDERSIGNED COUNSEL FOR THE DEFENDANT YALE HEALTH PLAN AND PLAINTIFF TIFFANY HALO HAVE DISCUSSED DISCOVERY PROCEDURES THAT MINIMIZE THE RISK OF WAIVER OF PRIVILEGE OR WORK-PRODUCT PROTECTION, INCLUDING PROCEDURES FOR ASSERTING PRIVILEGE CLAIMS AFTER PRODUCTION.

G. DISPOSITIVE MOTIONS:

DISPOSITIVE MOTIONS WILL BE FILED ON OR BEFORE MARCH 30, 2012.

H. JOINT TRIAL MEMORANDUM

THE JOINT TRIAL MEMORANDUM REQUIRED BY THE STANDING ORDER ON TRIAL MEMORANDA IN CIVIL CASES WILL BE FILED BY 30 DAYS AFTER THE COURT'S RULING IN THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT.

VI. TRIAL READINESS

THE CASE WILL BE READY FOR TRIAL WITHIN 30 DAYS OF THE FILING OF THE JOINT TRIAL MEMORANDUM.

THE UNDERSIGNED COUNSEL AGREES TO COOPERATE WITH THE PLAINTIFF AND THE COURT TO PROMOTE THE JUST, SPEEDY AND INEXPENSIVE DETERMINATION OF THIS ACTION.

DEFENDANT

By *[signature]*

PATRICK M. NOONAN

DATE: APRIL 26, 2011


THE UNDERSIGNED PRO SE PARTY CERTIFIES THAT SHE WILL COOPERATE WITH ALL OTHER PARTIES, COUNSEL OF RECORD AND THE COURT TO PROMOTE THE JUST, SPEEDY AND INEXPENSIVE DETERMINATION OF THIS ACTION.

PLAINTIFF

*[signature]*

TIFFANY L. HALO

DATE: APRIL 26, 2011

THE DEFENDANT,
YALE HEALTH PLAN

By: _____/s/_____

Patrick M. Noonan (#ct00189)
Donahue, Durham & Noonan, P.C.
741 Boston Post Road, Suite 306
Guilford, CT  06437
(203) 458-9168

## CERTIFICATION

I hereby certify that, on the above-written date, a copy of the foregoing Form 26(f) Report of Parties' Planning Meeting was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

/s/
Patrick M. Noonan