**MANDATE**

12-1447-cv
Halo v. Yale Health Plan

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of September, two thousand thirteen.

PRESENT:  REENA RAGGI,
          GERARD E. LYNCH,
          RAYMOND J. LOHIER, Jr.,
                    *Circuit Judges*.

------------------------------------------------------------------------
TIFFANY L. HALO,

        *Plaintiff-Appellant*,

        v.                                                    No. 12-1447-cv

YALE HEALTH PLAN, DIRECTOR OF BENEFITS &
RECORDS YALE UNIVERSITY,

        *Defendant-Appellee*.[*]

------------------------------------------------------------------------

FOR APPELLANT:   Tiffany L. Halo, *pro se*, Denville, New Jersey.

FOR APPELLEE:    Patrick M. Noonan, Anthony D. Sutton, Donahue, Durham &
                 Noonan, P.C., Guilford, Connecticut.

---

[*] The Clerk of Court is directed to amend the official caption as shown above.

FOR *AMICUS CURIAE*: H. Patricia Smith, Solicitor of Labor, Timothy D. Hauser, Associate Solicitor, Elizabeth Hopkins, Counsel for Appellate and Special Litigation, Robert Furst, Senior Trial Attorney, United States Department of Labor, Washington, D.C.

Appeal from a judgment of the United States District Court for the District of Connecticut (Vanessa L. Bryant, *Judge*).

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the District Court's judgment entered on March 9, 2012, is VACATED and REMANDED.

Plaintiff Tiffany L. Halo, pro se, appeals from an award of summary judgment granted in favor of Defendant Yale Health Plan, the Director of Benefits and Records at Yale University ("Yale"), on its "motion for judgment on the administrative record" on Halo's claims for damages under Title I of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq. By order dated August 22, 2012, this Court granted Halo leave to proceed in forma pauperis and directed the parties to brief two issues: (1) "whether the notice requirements for pro se litigants opposing summary judgment set forth in Vital v. Interfaith Medical Center, 168 F.3d 615, 621 (2d Cir. 1999), applied to [Yale's] motion for judgment on the administrative record and, if so, whether the apparent lack of notice here warrants reversal in this case"; and (2) "whether civil penalties are available for violations of 29 C.F.R. § 2560.503-1." We assume the parties' familiarity with

the facts and record of prior proceedings, which we reference only as necessary to explain our decision to vacate and remand.

A motion for judgment on the administrative record "does not appear to be authorized in the Federal Rules of Civil Procedure." O'Hara v. Nat'l Union Fire Ins. Co., 642 F.3d 110, 116 (2d Cir. 2011) (quotation marks omitted). District courts thus typically treat such a motion as a request for summary judgment or "a bench trial on the papers with the District Court acting as the finder of fact." Id. (quotation marks omitted). Here, the District Court treated the motion as one for summary judgment. See Halo v. Yale Health Plan, No. 3:10-cv-1949 (VLB), 2012 WL 774960, at *7 (D. Conn. Mar. 8, 2012). In such circumstances, the District Court was required to provide Halo, a pro se plaintiff, with notice "of the consequences of failing to respond to a motion for summary judgment." Vital, 168 F.3d at 620 (quotation marks omitted); accord Hernández v. Coffey, 582 F.3d 303, 308 (2d Cir. 2009). The record provides no indication that the District Court afforded Halo the requisite notice.

Such an omission "is ordinarily grounds for reversal." Vital, 168 F.3d at 620 (quotation marks omitted). Reversal is not warranted, however, where the record indicates that "an opposing party has already provided the litigant with the requisite notice" or the record "otherwise makes clear that the litigant understood the nature and consequences of summary judgment." McPherson v. Coombe, 174 F.3d 276, 281 (2d Cir. 1999) (quotation

marks omitted). Here, the record does not reflect that Yale provided such notice to Halo, nor does it clearly indicate that Halo understood the consequences of summary judgment.

In the latter regard, while Halo submitted a 28-page memorandum in opposition to Yale's motion that referenced Federal Rule of Civil Procedure 56 and cited relevant caselaw, she did not submit affidavits in support of her contention that Dr. Donald D'Amico provided her emergency or urgent treatment on the dates at issue, despite indications in the record that she may have been able to do so. See Nov. 10, 2011 Letter from Dr. D'Amico at 1, Halo, No. 3:10-cv-1949 (VLB), 2012 WL 774960, ECF. No. 20–20 ("The extent of Ms. Halo's pain necessitated immediate care . . . ."); Pl.'s Resp. & Mem. in Opp. to Def.'s Mot. for J. on the Admin. R. at 14 ("Pl. Mem."), Halo, No. 3:10-cv-1949 (VLB), 2012 WL 774960, ECF No. 20 (stating that, due to "loss of vision because of the retinal detachment, retinal break, acute glaucoma, and traumatic cataract," Halo was "unable to make the trip to New Haven" for treatment). The record also suggests that Halo may have been able to submit affidavits in support of her contention that her ERISA claims for services provided on the dates at issue were properly exhausted. See Pl. Mem. at 12 (asserting that Yale rejected Halo's claim after not responding to it for 51 days); see also 29 C.F.R. § 2560.503-1(l) (stating that "a claimant shall be deemed to have exhausted the administrative remedies available" where the plan fails to follow mandatory claims procedures); Davenport v. Harry N. Abrams, Inc., 249 F.3d 130, 133 (2d Cir. 2001) (stating that failure to exhaust an ERISA claim can be excused where the plaintiff makes "clear and positive showing" that exhaustion

would have been futile (quotation marks omitted)). In short, the record does not clearly indicate that Halo understood that "in order to avoid summary judgment [s]he needed to submit affidavits or other documentary evidence in support of every assertedly genuine issue of material fact in [her] claim." McPherson, 174 F.3d at 281.

Halo's apparent ignorance of her Rule 56 burden may have hampered her ability to oppose Yale's summary judgment motion. Indeed, in granting that motion, the District Court cited the lack of record evidence supporting Halo's characterization of her condition as an emergency or urgent in nature and her contention that her claims were properly exhausted. See Halo, 2012 WL 774960, at *16 ("Plaintiff failed to present any factual basis beyond her own lay opinion that would support the conclusion that [Yale's] determination that the care provided by Dr. D'Amico was not for an emergency or urgent condition was arbitrary and capricious."); id. at *13 (stating that "it is unclear from the record whether Plaintiff has exhausted her administrative remedies").

Based on this record, vacatur of summary judgment is warranted. See Coffey, 582 F.3d at 308–09 (vacating district court judgment, despite plaintiff's submission of affidavits in support of his claims, because there was "no indication that [he] understood that his affidavits would be his last chance to submit evidence related to exhaustion"); McPherson, 174 F.3d at 281–82 (vacating district court judgment where, in response to defendants' motion, plaintiff cited Rule 56 and indicated that he would be able to provide affidavits and other evidence in support of his claims, because "mere fact that the pro se litigant has made

some response to the motion for summary judgment" does not necessarily establish that he understood summary judgment process).

In light of our decision to vacate, we do not reach the question of whether civil penalties are available for violations of 29 C.F.R. § 2560.503-1. Nor do we reach the argument advanced by the Secretary of Labor, as amicus curiae, in support of Halo that, in light of Yale's alleged violations of ERISA regulations, the court should review Halo's ERISA claims de novo. We also express no opinion on the merits of Halo's claims. We leave it to the District Court—which now has the benefit of the Secretary of Labor's brief—to consider these issues on remand.

We note, however, that the District Court should address on remand the threshold issue of whether Yale violated the procedural requirements for claim administration under 29 C.F.R. § 2560.503-1. It should do so with the understanding that the exhaustion requirement under ERISA is not jurisdictional, see Paese v. Hartford Life & Accident Ins. Co., 449 F.3d 435, 439, 446 (2d Cir. 2006), but that "there is a firmly established federal policy favoring exhaustion of administrative remedies in ERISA cases," Jones v. UNUM Life Ins. Co. of Am., 223 F.3d 130, 140 (2d Cir. 2000) (quotation marks omitted). Thus, unless Halo makes a "clear and positive showing" that it would be futile for her to pursue her claim through the internal claim process, id., or unless her administrative remedies are deemed exhausted under 29 C.F.R. § 2560.503-1(l), "th[ose] remed[ies] must be exhausted prior to the institution of litigation," Jones, 223 F.3d at 140. Whether Yale complied with

ERISA's procedural requirements will affect both the issue of exhaustion of remedies and the standard of review that applies to the plan administrator's benefit determinations. See Nichols v. Prudential Ins. Co. of Am., 406 F.3d 98, 105, 109 (2d Cir. 2005).[1]

For the foregoing reasons, the District Court's March 9, 2012 judgment is hereby VACATED and the case is REMANDED for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court



A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

---

[1] In speaking of Yale's "compliance" with the regulations, we imply no view as to whether substantial compliance with EIRSA's regulatory requirements is sufficient to preserve deferential review, a question we have left open. See Nichols, 406 F.3d at 109–10.